## HARTFORD, SUPERIOR COURT, MARCH TERM, A. D. 1783.

### RAY v. BUSH.

When the grantee prevents his deed from being recorded at length, the record shall not relate back to the time of its being received for record to the prejudice of others.

ACTION of ejectment, for a tract of land lying in Chatham. Plea not guilty. Issue to the jury.

The case was — On the 2d of May, A. D. 1763, the plaintiff took a deed of said land, of that date, from John Gill who was the owner, and carried it to the town register to be entered upon, received for record, but with orders not to be recorded until further orders; the register received it and entered upon it, " John Ray's mortgage deed from John Gill, June 7th, A. D. 1763 received for record, William Rockwell," and put it away in a private box, where he kept such deeds: In October A. D. 1763 the defendant was applied to by Gill to be surety for him, and for his indemnity, proffered him a deed of said land, and the defendant before he complied, went to the register and searched the records, found no deed to any person, nor was informed of any being lodged there, and being wholly ignorant of said Ray's deed, he became surety for Gill, and for his indemnity took a deed of said land from Gill, dated in October A. D. 1763, and carried it to the register and had it duly recorded. Gill finally failed, and Bush was obliged to pay the debt for which he was surety. In June, A. D. 1764, the plaintiff gave orders to have said deed recorded; and it was then and not before recorded at length.

The defendant offered parol evidence to prove that the plaintiff had been guilty of a fraud, in ordering the ·deed not to be recorded at the time he left it to be entered upon as aforesaid; also to show how said deed had been kept, and when it was recorded at length. This was objected to, because it would contradict the record.

By the Court — The evidence is admissible.

The defendant then offered the deposition of Titus Hosmer, Esq. who was deceased, given upon a petition to the general assembly, between the same parties, and relative to the same point now in dispute — which was objected against, on the ground that it was taken before this action was commenced, and on a petition in chancery.

By the Court. The deposition was admitted; and upon the evidence the aforesaid state of facts was proved. And verdict and judgment was for the defendant, upon the ground, that although the statute says, that a deed, when recorded at length, the record shall bear the same date as the entry made upon it when it was received for record; yet where a grantee will himself, by orders or otherways, prevent the deed's being recorded at length, the relation between the entry and the recording at length, is destroyed, as to all persons defrauded thereby, and the record bears date at the time when the deed is recorded at length.