## Jackson, *ex dem.* Potter & Calvin, *against* Bailey.

An Onondaga commissioner is an admissible witness to prove what persons deceased swore before the commissioners, in relation to a dispute about the title to land, between the same parties.

[ *18 ]

*Greenleaf's edition of the laws, vol. 3, p 425.

THIS was an action of *ejectment*, for the recovery of land in the township of *Marcellus*, in *Onondaga* county, and was tried at the circuit in that county, the 6th of *June*, 1806. The lot of land comprehending the premises in question, was granted to *Ephraim Blowers*, the 7th of *July*, 1790. The lessors of the plaintiff claimed under a deed given by *Blowers* to *David Van Rensselaer*, the 12th of *July*, 1785. The defendant contended, that *Blowers* was an infant at the time the deed to *Van Rensselaer* was executed. To prove this, [*] he called *Vincent Matthews*, one of the Commissioners appointed under the act of the legislature, entitled, "*An act to settle disputes concerning titles to lands, in the County of Onondaga,*" passed the 24th of March, 1797,* to testify what *Charles Blowers* and *Jane Blowers*, uncle and aunt to *Ephraim Blowers*, and who were dead, had sworn to, before the Commissioners, at the time the title to the lot was litigated before them, by the parties in this cause. This evidence was objected to, and overruled by the judge. It was admitted that the father of *Ephraim Blowers* was dead ; and that his mother lived in the state of *Vermont*. The defendant gave in evidence a deed from *Ephraim Blowers* to *Bigelow Lawrence*, dated the 8th of *January*, 1794, for the premises in question. The defendant claimed under *Bigelow Lawrence*. The jury found a verdict for the plaintiff.

A motion was now made to set aside the verdict, on the ground that the evidence of *Matthews* ought to have been received.

*Cady*, for the defendant.    It is a well settled rule, that

where a witness is dead, evidence may be received of what such witness swore at a former trial.*

KENT, C. J.    There is no doubt of this rule where it is between the same parties.

*Gold* and *Van Vechten*, for the plaintiff.    The case of *Coker* v. *Farewell*, which has been cited, was in chancery, and the deposition of a witness deceased, was offered on a trial of an issue between the same parties.    To render the evidence offered in this case admissible, it should appear that the witnesss had been sworn on the trial of a cause, and in a regular court of record.    It must be after the trial is finished, and on the production of the *postea*.    There is no instance of a witness being produced, to give evidence of what another witness swore in the incipient stage of a cause, or before the trial was finished ; for it may be that what the witness testified, was disapproved or invalidated by subsequent testimony.    The whole evidence must be closed.    This kind of evidence is only admitted, in connection with, and in support of a verdict.    If you cannot give the verdict in evidence, [*] you cannot give in evidence the oath on which it was founded.†    In *Toker* v. *Beaufort*,‡ there was a commission of inquiry, and the depositions, with the commission and return were admitted, but not as conclusive evidence.    In the case of *Janson* v. *Wilson*,|| depositions, taken before the commissioners of bankruptcy, were admitted ; but it was by the express provision and direction of a statute.    The rule on this subject, is applicable only to testimony given in a court of record ; but not to evidence taken before this sort of *pretorian* tribunal.    These commissioners resemble arbitrators ; and testimony given before arbitrators can never be proved in this way.    They are not bound to keep any record of the evidence before them.    They merely take notes of what they deem material ; nor is the evidence always

*1 *Strange*,
162, *Pilton* v.
*Walter.*
*Peake's Law
of    Evidence,*
39,*note* 2 Lord
*Raym.* 1166.
8 *Burr.* 1244.
2 *P. Wms.*
763, *Coker* v.
*Farewell.*

[ *19 ]

†*Butler's N.
P.* 242.
‡1 *Burr*, 146.
||*Doug.* 2257

NEW-YORK, taken in presence of the parties. In this way the par-
Nov. 1806.
ty may be deprived of the benefit of a cross examina-
Jackson       tion.   If the legislature, in creating this commission,
v.
Bailey.       had directed the depositions of witnesses to be taken,
and that the same should be received in evidence, as in
the statute of the 5. *Geo. II.* referred to in the case of
*Janson* v. *Wilson*, there could have been no doubt.   That
such an express provision was thought necessary by the
British Parliament, shows very strongly its sense, that
without it, evidence could not be given of what witness-
es testified before the commissioners of bankruptcy.

*Cady* in reply.   The notes of the commissioners were
not offered as evidence in this case.   Parties are
regularly noticed to attend before the commissioners,
and may attend and cross-examine the witnesses, if they
think proper.   Suppose something should occur to pre-
vent the jury from giving a verdict; this could not affect
the evidence which had been given, or prevent the appli-
cation of the general rule..   This sort of evidence is ad-
mitted *ex necessitate ;* to prevent the party from losing all
the benefit of the testimony of a witness deceased.   As
the mother resided out of the State, inferior evidence of
the fact was admissible.

THOMPSON, J.   It seems to be well settled, and in-
deed, is not denied by the plaintiff's counsel, that where
a person [*] who gave evidence on a former trial, be-
[ *20 ] tween the same parties, in the usual and ordinary course
of proceedings in courts of justice, be dead, upon due
proof of such trial, and the death of the witness, it is
competent to prove what such witness had formerly
sworn.*   But it is said, that this rule ought not to be ex-
tended to testimony taken before the *Onondaga* commis-
sioners.   I am unable however to discover any substan-
tial reason for the distinction.   These commissioners
were duly constituted a tribunal, to hear and determine

*1 *Strange*
162.  3 *Burr*
1255.  2 Lord
*Raym.* 1166.
2 *P. Wms.*
563. 2 *Shower*
47. *Lil. Ab.*
765.

disputes, relative to the very land in question, and to administer an oath to witnesses. Oportunity was given for cross-examining witnesses ; and it appears that the title now in question, was actually litigated before the commissioners. I understand it to be admitted by the case, that a *trial was pending* at the time the witnesses were sworn, and that no objection was made respecting the mode of proving, that *such trial* was pending. The objection only went to the admissibility of proof, as to what the witnesses had sworn. What a deceased witness testified on a former trial, is only to be ascertained by the testimony of some person present, who was under circumstances to know and remember his evidence, no records being kept of what witnesses swear in courts of law. This species of evidence is admitted, *ex necessitate,* and must be left to the sound discretion of a jury, under the direction of the court, to give it such weight as it merits. The general rule is, that when any matter, sworn at a former trial, is given in evidence, it must be between the same parties, otherwise, no opportunity would be given for cross-examining the witness. The present case falls strictly within this rule. But even the want of an opportunity for cross-examination, has not been deemed sufficient to exclude this kind of evidence. For it has been ruled, that if witnesses who were examined on a coroner's inquest, be dead, or beyond sea, their depositions may be read ; for the coroner is an officer, on behalf of the public, to make inquiry about the matters within his jurisdiction ; and therefore the law will presume the depositions before him, to be fairly and impartially taken. (1 *Lev.* 180, *Buller, N. P.* 224.

[*]My opinion, therefore, is, that the testimony offered was competent, and ought to have been received, and that a new trial must be awarded, with costs to abide the event.

KENT, C. J. SPENCER, J. and TOMPKINS, J. concur-

[ *21 ]

NEW-YORK,
Nov. 1806.

Jackson,
v.
Bailey.

red.  LIVINGSTON, J.  I dissent from the opinion just delivered.  In cases where evidence has been received of what a witness, since dead, testified on a former occasion, it seems not only necessary to show a *lis pendens*, but, that no other proof will be allowed of this fact, short of the verdict, or at least, the *postea ;* it is even said, that there must have been a decision, and that the testimony offered must be in support of it.  What proof it was intended to give of trial, in this case, or whether any determination was made by the commissioners, does not appear.  But, without inquiring when, or how, such evidence be admissible, after a regular trial at law, and a decision by a jury, on the fact litigated, or whether *ore tenus* examinations before a board, thus organized, can ever become evidence on a subsequent trial, or, attempting to lay down general rules, applicable to cases of this nature, which is always dangerous, *I see no reason for* changing the opinion given at the circuit.

It must be admitted, that receiving information of the declarations of a witness, not reduced to writing and signed by him, from any person present, whether one of the court or not, can never be very satisfactory.  Who can be supposed so much interested in what is going on at a trial, as not only to attend minutely to all that witnesses say, but to take the trouble of committing it so well to memory, as to be able to give a faithful relation of it, at any time, however distant ?  With a memory ever so well exercised, some part may escape which did not appear material, and yet may have been essentially so.  If notes were taken, which, though it does not appear was probably done in this instance, they must be incorrect, or imperfect, since error is almost unavoidable in the hurry of a trial.  After all, who can say what effect the testimony, if faithfully detailed, ought to have, if taken in connexion with the other evidence, that may have

been produced on the former hearing, and which may not now be in the power of [*]the opposite party? Suppose the character of the witness to be bad, would it not be an akward, if not a novel thing, to go into that inquiry, after he had been for years in his grave? It must already be perceived, that objections to this species of testimony are sufficiently strong to justify a rejection of it, even where there has been a regular trial, whenever it does not appear absolutely necessary to prove the particular fact for which it is offered. Here the infancy of *Ephraim Blowers* was the fact to be established. His mother was living in an adjoining state, and her testimony could have been obtained, under a commission, in less than a fortnight. Now, a mother must generally be a better witness of the age of a child than an uncle or aunt; and while living, and so easily examined, a party should never be permitted to resort to inferior testimony, which might be a temptation to keep the living witness out of the way. Withont imputing any design to the defendant, it is somewhat singular, that a witness, so very important to him, if she could really establish the infancy of her son, when he executed the deed in question, was not produced or examined under a commission. I am of opinion, therefore, that the *postea* ought to be delivered to the plaintiff.

New trial granted.