NEW-YORK,
Nov. 1810.

Cox
v.
Trustees of
PEARCE.

A deposition ta-
ken before the
trustees appoint-
ed under the act
for relief against
absconding and
absent debtors,
may be read in
evidence before
referees, nomi-
nated under the
same act, after
the death of the
witness, though
taken by the re-
ferees, in the ab-
sence of the cre-
ditors, or *ex
parte*, the trus-
tees being con-
sidered as the
agents of both
parties.
  The court
may inquire into
the merits of the
controversy, on
the report of
the referees;
but it will re-
quire a strong
case to induce
them to set a-
side the report.

Cox *against* The Trustees of PEARCE, an absconding debtor.

RUSSELL, in behalf of the creditor, moved to set aside the report of the referees, nominated under the 16th section of the " act for relief against absconding and absent debtors;" (24th sess. c. 49.)

1. Because they had admitted improper evidence.

2. On the merits, as against evidence.

The referees admitted the deposition of *Joseph Sears*, taken before them, in *August*, 1809, and who was dead, at the time it was offered to be read in evidence, at the hearing, in *December*, 1809.

*Russell* read several affidavits to show that the report of the referees was against evidence, but it is unneces-sary to detail the facts.

*Foot* and *Schoonhoven*, contra, contended that this re-ference being voluntary, though under the statute, the court could not set aside the report, unless for corrup-tion or misbehaviour of the referees.

*The Court.* We will hear the case on both points.

*Russell* cited *Peake's Evid.* 62. 3 *Term Rep.* 707. 5 *Term Rep.* 373. 1 *M'Nally on Evid.* 283. 300. *King* v. *Woodcock*, and *King* v. *Dingley*, 1 *East*, 373. 2 *East*, 54. 63.

He observed that the deposition of *Sears* was *ex parte; Cox* and none of the creditors being present. He ob-jected also, that the report was signed by two of the re-ferees only.

*Foot* and *Schoonhoven* insisted that the deposition was taken by the trustees, who are the agents of both

parties, under the statute; that every examination taken and authorized by law, whether the party against whom it is to operate be present or not, is competent evidence, in case the witness dies.* Thus, examinations taken on a coroner's inquest are allowed to be read in evidence, if the witnesses are dead. So the *ex parte* deposition of the mother of a bastard child, in regard to its putative father, is admitted in evidence; these examinations being authorized by statute.

Again, this being a reference under the statute, a report by two of the referees is sufficient.

*Per Curiam.* The deposition of *Joseph Sears* was taken on the 16th *August*, 1809; and when it was offered to be read before the referees, in *December*, 1809, he was dead. This deposition was taken by the *trustees*, when *Sears* was examined by them on the claim of *Cox*; and the statute says, (*Laws*, vol. 1. p. 240.) " that the trustees, or any two of them, are competent to settle all matters and accounts between the debtor and his creditors, and to examine any person on oath concerning the same, which oath may be administered by any of the said trustees, two of them being present." In this examination the trustees act as the official agents of both parties, and under obligations, official and religious, to act impartially. A deposition taken before them, when they were examining the witnesses, ought to be read afterwards, upon the death of the witness, as much as a deposition taken before a coroner's inquest, or the *Onondaga* commissioners, and it ought equally to be admitted. (2 *Johns. Rep.* 20.)

On the merits of the case, there is not sufficient ground to interfere with the determination of the referees. The referees are stated to have been appointed in pursuance of the act, which is perfectly fair and impartial between the creditor and the trustees. The act says, that the referees " shall finally settle the

NEW-YORK, Nov. 1810.

Cox
v.
Trustees of
PEARCE.

* 2 *Stra.* 920.

controversy." And though the court may look into the merits of the controversy, without any objection to the behaviour of the referees, yet they certainly will require a pretty strong case before they interfere and set aside the decision. From the testimony of *Sears* and of *Clows*, there is no doubt but that the demand of *Cox* was properly rejected, and though the credit of *Clows* was attacked, it was also defended, and it was still a question for the referees how far his credit was destroyed; and if it had been, there was nothing to touch the credit of *Sears*. The motion to set aside the report ought to be denied.

SPENCER, J. not having heard the argument, gave no opinion.

Motion denied.