JACKSON, *ex dem.* BATES, *against* LAWSON.

THIS was an action of ejectment for a farm in *Pough-*    *A.* devises a
*keepsie,* in the county of *Dutchess.*    The cause was tried    farm   to his
wife,   during
before Mr. J. *Van Ness,* at the *Dutchess* circuit, in *August,*    her   widow-
hood, remain-
1817.    der to his
children; *B.*
On the trial, *John C. Brower,* a witness on the part of the    claiming under
plaintiff, testified that he knew *William Lawson,* the father    a deed of the
land from *A.*
of *Peter Lawson,* and the grandfather of the defendant;    brings an ac-
tion of eject-
that *W. Lawson* died in possession of the premises in ques-    ment against
the   widow,
and   mother
person, in which he recovers on proof of the existence and contents of the deed    from *A.* which
was lost, or otherwise could not be produced, and goes into possession under this recovery.   After
the death of the widow, *C.* claiming as the grantee of some of the devisees in remainder of *A.,* brings an
action of ejectment against *B.,* and on the trial, *B.* produces the record of the former recovery by him,
and offers evidence of what had been sworn to, on the trial, in that suit, by a witness since deceased,
whose testimony went to establish the existence of the deed from *A.* to *B.*    Held, that the evidence
was admissible : that the widow, and the remainder men, from whom *C.* derived his title, and who
all claimed under the will of *A.,* were privies in estate ; and that the evidence of a deceased witness,
in a former suit, is testimony, not only where the same point in issue afterwards arises between the
same parties, but also for *A.* against persons standing in the relation of privies in blood, privies in
estate, or privies in law.

tion in *July*, 1791 ; that the defendant was in possession of about fifty or sixty acres of land, the premises in question, which the defendant recovered in an action of ejectment against the witness, and *Elizabeth Lawson*, widow of *W. Lawson*, and that he went into possession by virtue of that recovery, seventeen or eighteen years before the trial, and had continued in possession ever since ; that when *W. Lawson* died, he left his widow *Elizabeth*, who is since dead, in possession ; and that *Peter Lawson* had possessed the farm for a long time previous to his death, and the witness always understood that he bought the farm of his father, *W. Lawson*.

*William Lawson*, by his will, dated 6th of *May*, 1790, devised his real estate, as follows : " It is my will that my daughter *Catherine*, the wife of *Matthew Boyce ; Ippea*, the wife of *Benjamin Phillips ;* the heirs of *Gertrude* and *William Jaycocks*, deceased ; the heirs of *Annatje* and *John Ferdun*, deceased ; my son *Simeon Lawson ;* the heirs of my son *Johannes Lawson*, deceased ; (that I, in the life time of my son *Peter*, have given him his portion, and that his heirs have no demand on my estate ;) the rest of the above named to be my lawful heirs after my decease. Notwithstanding, my wife *Elizabeth* is to remain in full possession of all my estate, real and personal, during her widowhood."

The plaintiff, also, gave in evidence the following deeds to his lessor : A deed from *John Velie* and *Catherine* his wife, one of the children of *Annatje*, dated *December* 16th, 1791, which was acknowledged by the wife only, but was admitted to be read, subject to all objections. A deed from *Simeon Lawson*, dated 14th *November*, 1791 ; and a deed of the same date from *Thomas W. Jaycocks*, one of the children of *Gertrude*. These deeds purported to convey all the right of the grantors in the farm of *W. Lawson*, of which the premises in question formed a part.

*Matthew Lawson*, a witness on the part of the defendant, testified that *Peter Lawson*, who died before the revolutionary war, and before his father *William*, leaving the defendant his heir at law, bought the farm of his father, and that after the death of *Peter*, *William* told the witness that he had sold the land to *Peter*, and since his death had got

back the deed. He also stated, that *Peter* died in possession. Another witness testified, that *Peter* bought the land of his father in the spring, and died about seed-time, the same year, in possession, and that his family continued in possession a year or two after his death. The deposition of *Simeon Lawson*, one of the sons of *W. Lawson*, taken under the act to perpetuate testimony, was also read on the part of the defendant, which corroborated the testimony of the other witnesses on the part of the defendant, and stated that the witness, during the life of *Peter*, had heard his father say, that he had sold the south half of his farm in *Poughkeepsie* to *Peter*, and had given him a deed.

The defendant then gave in evidence the record of a recovery in an action of ejectment in this court, for the land in question, wherein *James Jackson*, on the demise of *John Lawson*, the now defendant, was plaintiff, and *Elizabeth Lawson*, the widow of *W. Lawson*, and *John Brower*, were defendants, and which cause was tried on the 14th of *June*, 1797, before *Morgan Lewis*, Esq. then one of the Justices of this court, and judgment was signed the 4th of *August*, 1797. The defendant then offered to prove that the lessor of the plaintiff was present at the trial in that suit; that he was the agent of *E. Lawson*, in preparing the defence, conducting the trial, and examining and cross-examining the witnesses; and that *Peter Dubois*, who is since dead, was sworn as a witness at that trial, on the part of the then plaintiff, and testified, in the hearing and presence of the lessor in this suit, that he surveyed the premises in question on the 14th of *February*, 1769, at the request of *P. Lawson*, and his father *William*, and drew a deed in fee simple from *William* to *Peter*, and a bond from *Peter* to *William* for the purchase money, and that *William* told the witness, some months afterwards, that he had conveyed the premises to his son, and was afraid that he would not be able to pay the residue of the consideration money. This testimony was objected to, and excluded by the Judge. The jury found a verdict for the plaintiff, which the defendant now moved to set aside, and for a new trial, on the grounds, 1. That the verdict was contrary to evidence; and 2. That the judge had rejected proper testimony.

*Oakley*, for the defendant, contended, that the defendant, having shown a prior possession in his father, it was evidence of right, and ought to prevail against a subsequent possession of *W. L.* the elder, especially where a descent had been cast, as in this case. (*Smith* v. *Lorillard*, 10 *Johns. Rep.* 338—356.) Besides, there was sufficient evidence of a conveyance from *W. L.* the elder, to *P. L.* the father of the defendant. If there could be any doubt on this point, that doubt would have been removed by the evidence offered of what *Dubois*, a witness, since deceased, swore on a former trial of the action of ejectment against the widow of *W. L.* and *J. B.* The lessor of the plaintiff was present at that trial, and examined the witnesses. The admission of this species of evidence is a departure from the strict technical rules of law, and allowed from necessity. (*Jackson* v. *Bailey*, 2 *Johns. Rep.* 17. 20. *Taylor* v. *Brown*, T. *Raym.* 170.) In *Calhoun's Lessee* v. *Dunning*, (4 *Dallas*, 120.) it was objected that a record of an action of trespass, brought by the defendant against one *Caruthers*, could not be read in evidence, as it was not between the same parties ; but the objection was overruled, on the ground that *Caruthers* was the person really interested as the owner of the land ; and that *Calhoun*, the lessor, was a mere trustee for him.

A verdict for or against a lessee, is evidence for or against him in reversion ; and a verdict for him in remainder, is evidence against a subsequent remainder man ; for he claims by the same deed. (*Pyke* v. *Crouch*, 1 *Ld. Raym.* 730. *Com. Dig. Evidence*, A. 5. *Vin. Abr. Evidence*, T. b. pl. 4. In the case before the court, there is the same privity of interest.

*P. Ruggles*, contra, contended, that if the defendant claimed under a conveyance from *W. L.* it was the same source of title as that of the lessor of the plaintiff, and he could not defend on the ground of his prior possession, which could not be adverse. To admit the parol declarations of *W. L.*, made 25 years ago, would be most dangerous, unless some account was given of the deed. (*Jackson* v. *Shearman*, 6 *Johns. Rep.* 19. 21.)

Again ; evidence of what a witness, since deceased,

swore at a former trial, is not admissible, unless in an action between the same parties. (*Jackson, ex. dem. Schuyler,* v. *Vedder,* 6 *Johns. Rep.* 8. 14.) The only exception to this rule is the case of a remainder man.

VAN NESS, J. delivered the opinion of the court. The first question I shall consider, is, whether the testimony given by *Dubois,* in the action of ejectment brought by the present defendant against the widow of *William Lawson* and *Brower,* and in which the then plaintiff had judgment in 1797, was properly rejected or not. By the will of *William Lawson,* he devised all his estate to his wife during her widowhood, with remainder to certain of his children and grand children, part of whose estate the now lessor of the plaintiff purchased in 1791. Both the widow of *William Lawson,* and the lessor of the plaintiff, thus claim under the same will; and I am inclined to think, that there is such a privity of estate between them, that the verdict in that case was, for certain purposes, evidence (though not conclusive) in this. It was evidence, at least, to lay the foundation for admitting the testimony given by *Dubois,* more especially as the lessor of the plaintiff, in point of fact, had notice of, and defended the former ejectment; was present at the trial, and had an opportunity of cross-examining the witnesses, though I lay no particular stress on these latter facts. The estate devised to the widow during her widowhood, and the remainder over, constitute but one estate carved out of the same inheritance, created and subsisting together, the one in possession, the other in expectancy. An estate in remainder is a present interest, though to be enjoyed in future, and is capable of being aliened, devised, and otherwise disposed of, in the same manner as an estate in possession. The possession of the widow was, for certain purposes, the possession of the remainder men, and the entry of the present defendant under the recovery in the ejectment, was a prejudice to those in remainder, for, in consequence of it, the estate in remainder has become a right in action only. The lessor of the plaintiff had an interest in defeating the recovery, and his right was so interwoven with that of the widow, that the evidence of

NEW-YORK, *Dubois* affected the one almost equally with the other.  My
October, 1818. attention was not called to this view of the subject at the
JACKSON    trial ; and the fact, that the present lessor of the plaintiff
v.          had purchased part of the estate in remainder before the
LAWSON.     trial in 1797, was overlooked ; and the counsel for the de-
fendant put the admissibility of the testimony offered, on the
ground that the lessor of the plaintiff was the agent of
the widow, and present at the trial.  It was held by
Ch. J. *Holt*, " that if several estates in remainder be limit-
ed in a deed, and one of the remainder men obtains a ver-
dict for him, in an action brought against him for the same
land, that verdict may be given in evidence for the subse-
quent, remainder man in an action brought against him for
the same land, though he does not claim any estate under
the first remainder man, because *they all claim under the
same deed.*" *Pike* v. *Crouch*, (1 *Lord Raym.* 730.)

If the verdict in the former ejectment was admissible on
the trial of this suit, by reason that the tenant for life and
the remainder men are privies in estate, it follows, that the
evidence given in the first suit by a deceased witness, is also
admissible.   The rule is, that such evidence is proper, not
only when the point in issue is the same in a subsequent
suit between the same parties, but also for or against per-
sons standing in the relation of privies in blood, privies in
estate, or privies in law.   On this ground, the defendant
is entitled to a new trial ; though independently of this, I
think a new trial ought to be granted on the other ground
taken in the argument, that the verdict is against the
weight of evidence.   The proof of a conveyance by *Wil-
liam Lawson*, in his lifetime, to his son *Peter*, is very clear
and satisfactory.

New trial granted, with costs to abide the event.

END OF OCTOBER TERM.