The opinion of the Court was delivered at May term 1823, by
Wilde J.
The tenants moved for a new trial, for a supposed misdirection of the judge, and because they say that the verdict, as to the seisin of Ebenezer Hall, is against evidence. The tenants, at the trial, offered in evidence the deed of one Medad Huggins to the heirs of Ephraim Leonard, which was rejected as void for uncertainty ; and the principal question is, whether this deed was properly rejected.
It is laid down in Perkins, § 52, that a grant to the heirs of a person in being is void, as there are no persons in esse, who can take under that description. This doctrine is recognized in Bac. Abr. Grant, C.; Com. Dig. Grant, B. 1.
It is essential to the validity of a grant, that the parties be named in the deed, or plainly designated, so as to distinguish them from all others. If they are so distinguished, the grant would be good without any name at all, and a mistake in the name in such case would not vitiate.
A grant, therefore, to Henry Earl of Pembroke, where his name is Robert, is good ; or if a grant be made to A. and bis wife, without naming her by the name of baptism, yet she shall take ; for being called the wife of A. she is sufficiently designated. So, if a grant be made to a father and his son, he having but one son, it is good ; but if the father have several sons, or if a grant be made to a man’s cousin, these are void for uncertainty.
The question then is, whether a grant to a man’s heirs is sufficiently certain.
The difficulty is, to ascertain the intention of the grantor. Supposing we may understand that children were intended, are after-born children to be included, or those only who were in esse at the time of the grant ? Was it meant that the grant should take effect immediately, or at the death of the father ? *32 Suppose there were no children then surviving, would the brothers anc^ sisters take ■ We have no certain means of ascertainihg the grantor’s intention in these particulars ; it is all uncertain, and there is nothing in the deed .to clear away the uncertainty.
There seems to be no case of a deed in which the uncertainty has been supplied by paroi testimony. The intent must be gathered from the deed itself. «
As to wills, the rules of construction are less strict. The intent of the testator is to govern, if it be not repugnant to the rules of law. “ A devise,” says Blackstone, “ is to be most favorably expounded, to pursue if possible the will of the devisor, who for want of advice or learning may have omitted the legal and proper phrases. And therefore many times the law dispenses with the want of words in devises, that are absolutely requisite in all other instruments. Thus, a fee may be conveyed without words of inheritance, and an estate tail without words of procreation. By a will, also, an estate may pass by mere implication, without any express words to direct its course : ” as in cross remainders and in many other instances. And although paroi proof shall not be admitted to explain a will, i as to expound it contrary to the import of the words, yet when the words will bear it, a paroi averment may be admitted. As, for instance, to ascertain the person, but not to alter the estate. Such being the law, it is not necessary to notice particularly the cases cited by the tenants’ counsel relating to the construction of devises. No case has been found to support a grant to a man’s heirs, he being living at the time of the grant.[1]
Another objection made by the tenants’ counsel relates to the deed from Ephraim Leonard to Ebenezer Hall, which they contend could not operate, inasmuch as it referred to the deeds of Huggins,’ which conveyed no estate to said Leonard. He however was in actual possession, and his deed conveyed to Hall all the title he had, which is sufficient in the present action.
Whether Ebenezer Hall died seised or not was properly left to the jury as a question of fact. The tenants or some of *33 them were in possession, but whether claiming to hold t as their own, or occupying by permission of Hall, appears doubtfui. While in possession, one of the tenants proposed to purchase of Hall, and after his death the tenants occupied under the demandant, to whom the premises had before been assigned. Ebenezer Hall did. not yield the possession ; he at least disputed it with the tenants ; for it appears he turned his cattle upon the land, and if they were turned out by the tenants, that was a trespass, but not necessarily an ouster or disseisin. There was certainly competent evidence for the jury to find the fact of seisin of Ebenezer Hall at his death, which would make the assignment good, and give a seisin to the demandant. This being found by the jury, the demandant must recover, he having the right of possession.

Motion for a new trial overruled.

 See Bacon v. Fitch., 1 Root, 81.