The opinion of the court was delivered by
Tirghman, C. J.
When a cause is brought into the Common Pleas, by an appeal from the award of arbitrators, the proceedings are de novo. This deposition, therefore, is to be considered, as if taken in another suit, between the same parties, for the same cause of action. This is putting it in as strong a point of light for the plaintiff, as it will bear, for the consent of the plaintiff was only, that the deposition should be taken in the cause then depending, viz: before the arbitrators, and in-such case, the general rule is, *204 that the deposition would he evidence, if the witness were dead. Miles v. O’Hara, 4 Binn. 111. Richardson v. Stewartson’s Lessee, 2 S. & R. 84. Lightner v. Wike, 4 S. & R. 205. In the case of Magill v. Kauffman, 4 S. & R. 319, this court went one step further, and decided, that the deposition was evidence, though the witness were living, provided he was not within the state. But there was no ground for admiiting the deposition in the case before us, because the witness was living within the state, and within the jurisdiction of the court. I am, therefore, of opinion,' that it was properly rejected, and the judgment should be affirmed. .
Judgment affirmed.