The opinion of the court was delivered by
Duncan, J.
Whether an action of trover can be joined with an action founded on the act of assembly for distraining for rent, where there is no rent due or in arrear, and which gives double the value of the goods distrained in damages, is a question raised on this record. Although the two first counts do not conclude against the form of the act, they refer to the act; and it sufficiently appears they are counts on that act, statutory actions, on which, if the tenant recovers, he is to have judgment for double the value of the goods.
*377 It seems to be a rule, that two causes of action may be joined where the process is the same, the plea the same, and the judgment the same. It may be true, that the consideration is, whether the actions are of the same nature; there they may be joined; as, if the foundation of the action is tort, any-other tort may be joined: but trespass vi et armis and trespass on the case cannot be joined, because the actions are of a different species. So actions of contract may be joined where the foundation of the action is a contract of the same species — both simple contracts. But it seems to me a principle, that an action on a statute to enforce a penalty for a transgression, cannot be coupled with a demand for the recovery of damages for a mere conversion of the goods of another. They are diverso intuito. Mere- recompense is generally the measure of damages in the one case; the infliction of a prescribed penalty, double the damages sustained, in the other. If the plaintiff had brought an action of trover, and judgment had been for the defendant, that could not have been pleaded in bar of the action for the penalty; the object of the suit would be very diffeVent: the same evidence would not support both actions. Trover is an equitable action: this cannot be said of an action for a penalty. In trover, the plaintiff receives only an indemnity: in an action on the statute he is doubly indemnified. The true value of property, and compensation from the time of the demand, is the measure of damages: consequential or exemplary damages are never given in trover, unless in very extraordinary cases, as family pictures or plate; on the statute exemplary damages must be given. The jury can exercise no latitude. A count in trover cannot be joined with a .special action on the case for fraud. If a statute gives a remedy in the affirmative for a matter actionable at common law, the party may sue at common law, and waive his remedy by statute. 2 Inst. 200. 4 Burr. 335. This clearly shows that a party cannot join the two different remedies in the same action. He may make his election, but cannot sue separately on each remedy, or join them in the same action.
Case for taking the distress would lie at the common law, with which trover might be joined, because there the judgment would be the same; but the verdict, in an action on- the statute and trover would be different. The doubje damages are in the nature of a penalty imposed by the act on the wrongdoer. The jury find the value of the goods. This is doubled'by the judgment of the court. Double damages is the judgment in an action on the statute; single damages in the action of trover. Whether double damages were actually given, is not matter of inquiry now; they might have been given, they necessarily were given. On these counts, from the charge, we must infer the judgment was for the penalty on the act. The court instructed the jury, that the case was within the penalty of the act; therefore, in this case, there is a misjoinder of *378 action: but, on the merits, the judgment must be reversed. The stipulation, as to protracted time after the rent became due, relates only to the right of re-entry, and forfeiture of the lease. It is a distinct and independent covenant, introduced for the benefit o£ the landlord. The rent became due and was in arrear at the end of the year: the landlord insists that there shall be a covenant enabling him to re-enter for non-payment; to which the tenant assents, on this condition — that there shall be no entry or forfeiture, provided he pays up within six months after the expiration of the first year, and eight months, in the subsequent years; the re-entry and forfeiture could not be enforced, but according to the terms of this stipulation. The payment of the rent, and the landlord’s remedy by distress, is not affected by this. He has two remedies: one to proceed immediately as the rent becomes due, by action or distress; the other by re-entry for the forfeiture, at the end of three months, in the first year, and six months in the subsequent years. These are cumulative rights and remedies. The right of re-entry does not take away the right of distress: the landlord may take either one or the other. If he distrains, he waives the forfeiture. If the tenant pays up within three or six months, the tenant saves the forfeiture; but he is not absolved from payment of the rent as it becomes due: that moment the right of the landlord attaches, and he must take either the one course or the other. A Court of Chancery would relieve from the forfeiture, after the end of six months, on payment of the rent, except where the landlord recovers in ejectment for the forfeiture; but chancery would not interfere with the landlord’s right of distress. On both grounds, judgment is reversed: a venire facias de novo is not awarded, because the plaintiff never could maintain this action, and it would be useless to grant a new trial.
Judgment reversed.