Per Curiam.
It seems to be settled in this court, that nothing short of the witness’ death can be received to let in his testimony given on a former trial. (Powell v. Waters, 17 John. 176; Wilbur v. Selden, 6 Cowen, 162; and see Jackson v. Bailey, 2 John. 17; Beals v. Guernsey, 8 id. 446; White v. Kibling, 11 id. 128; Crary v. Sprague, 12 Wend. 41, 44, 5.) But if the rule were otherwise in respect to civil cases, we are of opinion that it should not be applied to criminal proceedings. This was expressly adjudged in Finn v. The Commonwealth, (5 Rand. 701, 708.) It was there said by Brockenbrough, J, that even the death of the witness would not, in a criminal case, be allowed as a reason for receiving his former testimony; (and see 2 Ev. Poth. 229; 1 Tenn. Rep. (Overt.) 229;) though a different opinion was intimated in Crary v. Sprague, (12 Wend. 44, 5.) It is not now necessary, however, to decide that point, the present case being one of mere absence from the territorial jurisdiction of the court.
New trial granted.