Rivereau v. St. Ament.

———•◦•———

Greene.
3g 118
81. 91

## RIVEREAU *v.* ST. AMENT.

A complaint for unlawful detainer concluded with the averment " that said defendant did refuse and neglect to quit such possession, but continued to withhold the same from plaintiff," &c., held that it sufficiently charged " that defendant detained the premises at the time suit was commenced."

Defects in complaint waived by pleading over, and cured by verdict.

A witness not required to state the very language, as testified by a deceased witness ; but should give the substance of all his testimony.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J. An action of unlawful detainer commenced by Mary L. St. Ament against John Rivereau, before a justice of the peace ; and on appeal to the district court, the defendant was found guilty of the unlawful detainer, and restitution of the premises was ordered.

After the verdict in the district court, a motion was made for a new trial, and it is now contended that the court erred in overruling the motion.

1. Because the complaint is defective, as it does not state that defendant detained the premises at the time suit was commenced. The complaint contains every material averment required by statute, and alleges in conclusion that " said defendant did refuse and neglect to quit such possession, but continues to withhold the same from plaintiff," &c. We think then that the complaint is sufficient. But if it was defective to the extent claimed by counsel it was waived by his plea to the merits and cured by the verdict.

2. It is claimed that the court erred in overruling the motion, because a witness was permitted to state the testimony on the trial before the justice, of a witness who subsequently died, after witness said he could not give the statement of the deceased witness in his own language.

It appears by the bill of exceptions, that the witness said that he could give the substance of the deceased witnesse's testimony in reference to rent, but could not give it in his language. The substance of the testimony is all that could be required. The very words of a deceased witness could seldom be remembered, and if required, it would, in effect, exclude testimony of this character. It is true that formerly the rule prevailed, that the witness must repeat the precise words testified by a deceased witness on a former trial. But courts soon found it neces-

sary to depart from this strictness. It is now considered sufficient if the witness is able to state the substance of all that was sworn, by deceased witness, on the former trial. *Cornell* v. *Green*, 10 Serg. and R. 14, 16 ; *Chess* v. *Chess*, 17 ib. 409, 412 ; *Jackson* v. *Bailey*, 2 Johns. 17.  Greenl. Ev. § 165.

The other objections urged to the proceedings below are considered immaterial.

Judgment affirmed.

*L. R. Reeves*, for plaintiff in error.

*R. P. Lowe*, for defendant.