## ORR *v.* HADLEY *et al.*

The line between adjoining owners of land may be established by them by parol agreement; and such agreement, when executed, is conclusive upon the parties and all claiming under them.

The mortgagor of real estate, as against all except the mortgagee and those holding his rights, is the owner of the estate mortgaged; and being in possession he may make an agreement establishing the boundaries of his land, which will be binding upon all except those who claim by the mortgage.

The testimony of a deceased witness may be given in evidence upon a subsequent trial of the same cause. It is also competent, in a subsequent suit between the same parties, or their privies, provided the point in issue be the same. But if there be new parties in the same suit, not privy with any of the first, and who had no opportunity to cross-examine the witness, the evidence will not be admissible.

TRESPASS, for breaking and entering the plaintiff's close, and cutting wood and timber.

The question was as to the dividing line between the land of the parties.

The defendants relied in part upon an agreement establishing the line claimed by them, entered into by one Roberts, a former owner of the plaintiff's land, with one of the defendants. There

was evidence that the land was, at the time of said agreement, under mortgage to William Orr, the plaintiff's grantor, but the plaintiff did not, at the trial, claim title by or under said mortgage.

The court charged that a mortgagor in possession may make an agreement establishing the boundary lines of his land, binding against all persons except those who claim by the mortgage.

The plaintiff offered to prove the testimony of one John Gilchrist, now deceased, before a board of referees, on trial of an action in which the defendant, Peter E. Hadley, was plaintiff, and Joseph and J. G. Dodge were defendants — that action being trespass for cutting on part of the same land now in dispute, and the defence being that the defendants cut by permission of William Orr, (this plaintiff's grantor) who, as those defendants said, owned the land then in dispute.

The court ruled the evidence incompetent, and a verdict having been rendered for the defendants, the plaintiff excepted to the ruling and to the charge as above stated.

*Morrison & Stanley*, for the plaintiff.

1. The first question arising in this case is this : Was the ruling of the court in regard to the agreement made by Roberts correct ?

It is well settled that the legal fee in the premises passes by the mortgage to the mortgagee. *McMurphy* v. *Minot*, 4 N. H. 255 ; *Brown* v. *Cram*, 1 N. H. 169.

If this is correct, the legal fee in the premises in dispute passed to William Orr, the grantor of the plaintiff, by the mortgage of Roberts to him, and since Roberts executed the mortgage the legal fee in said premises has never vested in him.

William Orr took the fee of the premises subject to a condition to be performed on the part of Roberts, and upon the performance of which the fee would revest in Roberts. That condition was never performed, and the fee in the premises has been uninterrupted in the plaintiff and his grantor since the execution of the mortgage to William.

Orr *v.* Hadley.

It then follows that Roberts, since the execution of the mortgage, has had no legal title to the premises, and could not, therefore, make any agreement establishing the metes and bounds which should be binding on the mortgagee, or those claiming under him.

II. The testimony of Gilchrist, at the former trial, should have been admitted.

1. Because he had testified at a former trial in which the same question was involved, and in a suit where one of these defendants was a party, and where the same line was in question, and where the defence was title in the plaintiff's grantor. The testimony of deceased persons turns rather upon the right to cross-examine, than upon the precise nominal identity of the parties. Greenl. Ev., vol. 1, sec. 163, and notes and cases there cited; *Jackson* v. *Lawson,* 15 Johns. 544; *Powell* v. *Waters,* 17 Johns. 176.

This case shows that one of the defendants was the plaintiff in the former suit; that the same question was then in dispute as in the present suit. The defendant had the full benefit of a cross-examination, and therefore lost nothing that he would have had if the witness had been present at the trial of this case. *Osborne* v. *Bell,* 5 Denio 370; 2 Johns. 17, and notes and cases there cited; *Jackson* v. *Lawson,* 15 Johns. 539.

The admissibility in evidence of what a deceased witness swore on a former trial, does not depend on the nominal identity of the parties. It is sufficient if the second trial is in reference to the same subject matter between those who represent the parties to the first by privity, in blood or estate. *Clealand* v. *Huey,* 1 Ala. 343; *Ellicott* v. *Pearl,* 10 Peters 432; 12 Curtis' Decisions 179.

2. Gilchrist's testimony was admissible, because it is competent to show what a deceased person said upon a question of boundary, where the party making the declarations had means of knowledge and no interest in making the declarations. *Smith* v. *Powers,* 15 N. H. 546.

The declarations of deceased persons who were so situated as

to have the means of knowledge, and had no interest to misrepresent, are competent evidence upon a question of boundary whether the same pertain to public tracts or private rights. *Adams* v. *Stanyan*, 24 N. H. (4 Foster) 405 ; *Melvin* v. *Marshall*, 24 N. H. (4 Foster) 379 ; 14 East 331, and cases there cited.

*D. Steele*, and *D. Clark*, for the defendants.

EASTMAN, J. The line between adjoining owners of land may be established by them by a parol agreement, and such agreement, when executed, is conclusive upon the parties and all claiming under them. *Sawyer* v. *Fellows*, 6 N. H. 107 ; *Eaton* v. *Rice*, 8 N. H. 378 ; *Wakefield* v. *Ross*, 5 Mason 15 ; *Boyd's Lessee* v. *Graves*, 4 Wheat. 513 ; *Jackson* v. *Ogden*, 7 Johns. 238 ; *Rockwell* v. *Adams*, 7 Cowen 761.

*Richardson*, C. J., in *Eaton* v. *Rice*, says that such is the well settled rule in this State, and that the parties and all claiming under them will be forever bound by the agreement.

The mortgagor of real estate, as against all persons except the mortgagee and those holding his rights under the mortgage, is the owner of the estate mortgaged. The mortgagee is entitled to have his mortgage interest regarded as real estate, and himself as the owner of the land, so far only as to enable him to protect his rights secured by the mortgage, and to give him all necessary and appropriate remedies for that purpose ; but in all other respects, and for all other purposes, his interest is merely one of security for the debt. *Ellison* v. *Daniels*, 11 N. H. 274 ; *Glass* v. *Ellison*, 9 N. H. 69 ; *Smith* v. *Morse*, 11 N. H. 55 ; *Great Falls Co.* v. *Worster*, 15 N. H. 412.

In *Southerin* v. *Mendum*, 5. N. H. 420, it is said by the court to be well settled that, as respects all the world except the mortgagee, the mortgager is to be considered as the owner of the land.

In *Wellington* v. *Gale*, 7 Mass. 138, *Parsons*, C. J., says that the mortgager, after his mortgage, still continues the owner of the land and seized of it against all persons but the mortgagee,

or those who claim under him ; and that he has, therefore, the right to convey the estate mortgaged, defeasible only by the mortgagee, or some person having his right.

And in *Hitchcock* v. *Harrington*, 6 Johns. 290, *Kent*, C. J., in delivering the opinion of the court, says that it is the settled law of the Supreme Court and the Court of Errors of New-York, that the mortgagor is to be deemed seized, notwithstanding the mortgage, as to all persons except the mortgagee and his representatives. When his interest is not in question, the mortgagor, before foreclosure or entry under the mortgage, is considered at law as the owner of the land.

A mortgagor, as against a stranger, may maintain a writ of entry for the land mortgaged. *Ellison* v. *Daniels*, 11 N. H. 274. And in the case of the laying out of highways, the mortgagor in possession is the proper person to be notified of the hearing, and to receive the award of damages. *Parish* v. *Gilmanton*, 11 N. H. 293 ; *Gurnsey* v. *Edwards*, 26 N. H. (6 Foster) 224.

Upon these principles and authorities there would seem to be no doubt that the ruling of the court upon the first point was correct. Adjoining owners of land may establish the line between them by parol agreement, and mortgagors are owners as to all but the mortgagees. With the exception of the mortgagee, the owner has entire control over his property.

There is no suggestion that, in the agreement establishing the line, as stated in this case, there was any infringement upon the rights of the mortgagee ; and even if there were, the plaintiff does not claim to have derived his title from the mortgage. There was nothing, therefore, in the facts of this case to take it out of the rule by which a line established by adjoining owners is binding upon those who may claim under them.

It is unnecessary to cite authorities to show that the testimony of a deceased witness may be given in evidence on a subsequent trial of the same cause. So far the books are all agreed. *Young* v. *Dearborn*, 22 N. H. (2 Foster) 372. But, as a general rule, the parties must be the same. 1 Phil. Ev. 230 ; *Jackson* v.

*Potter*, 2 Johns. 17; *Boardman* v. *Reed's Lessees*, 6 Peters 328; *Lawrence* v. *Hunt*, 10 Wendell 80; *Walker* v. *Walker*, 16 Serg. & Rawle 377; *Powell* v. *Waters*, 17 Johns. 176. And the point in issue must be the same. *Melvin* v. *Whiting*, 7 Pick. 79; *Jackson* v. *Lawson*, 15 Johns. 539; 1 Phil. Ev. 230; *Wilbur* v. *Selden*, 6 Cowen 162, 164; *Walker* v. *Walker*, 16 Serg. & Rawle 377.

It is not required, however, that the parties to the second suit should be literally the same as in the first, for if the trial is between those who represent the parties to the first, by privity in law, in blood, or in estate, the evidence is admissible. 1 Greenl. Ev., sec. 164; *Jackson* v. *Lawson*, 15 Johns. 539; *Jackson* v. *Crissey*, 3 Wendell 251; *Boudereau* v. *Montgomery*, 4 Wash. C. C. Rep. 188; *Ritchie* v. *Lyne*, 1 Call 489.

In *Wilbur & Selden*, 6 Cowen 162, the parties in the former suit were *Wilbur & Doremas* against *Selden*, *Richards & Ogden;* in the second, they were *Wilbur*, survivor of *Doremas*, against *Selden*, impleader with *Richards*, survivor of *Ogden;* and it was held that the parties were substantially the same.

Neither is it necessary that the former testimony should have been given on the trial of a cause in the exact technical shape of an action. It is sufficient if the point was investigated in a judicial proceeding of any kind, wherein the party to be affected by such testimony had the right of cross-examination. Thus the rule has been applied to a witness testifying before commissioners appointed by a statute to settle the title to lands — *Jackson* v. *Bailey*, 2 Johns. 17; before trustees of an absconding debtor — *Cox* v. *Pierce's Trustees*, 7 Johns. 298; before arbitrators — *Forney* v. *Hallagher*, 11 Serg. & Rawle 203, and in other similar cases. *Fitch* v. *Hyde*, Kirby 258; *Arwin's Lessee* v. *Bisling*, 1 Yeates 400; *Ottinger* v. *Ottinger*, 17 Serg. & Rawle 142; *Ray* v. *Bush*, 1 Root 81.

But the testimony offered in this case was not admissible according to any of the authorities which we have examined. The parties in the present suit are not the same as in the former, nor are they in privity with them so as to be bound by what was

said or done in that action. Peter E. Hadley, one of the present defendants, was plaintiff in that suit, but the other defendant, so far as the case shows, had no connection with that proceeding, either as party or privy. He had no opportunity to cross-examine the witnesses, and his rights cannot be affected by the testimony in that cause.

There are cases which hold that where the number of the parties is reduced in the second suit, the identity of those which remain being retained, the testimony may be used. *Wright* v. *Totham*, 1 Ad. & Ellis 3 ; *Wilbur* v. *Selden*, 6 Cowen 162. But we have found no case where the testimony has been admitted, if new parties, who are not privies, are introduced into the second suit.

There is nothing in the case which shows that Gilchrist's testimony was of a character to be admitted upon the last ground taken in the argument. The case does not state what his testimony was, and we are not at liberty to presume that it was of a nature to be admitted upon that ground.

Upon the facts stated the ruling of the court was correct, and there must be

*Judgment on the verdict.*