FERN BOSCHI et al., as Administratrices of the Estate of HUGO BOSCHI, Deceased, Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, October 31, 1946.

*Sidney J. Feltenstein* and *Bertrand Bowitz* for plaintiffs.

*John J. Bennett, Corporation Counsel (Robert A. Carroll* of counsel), for defendant.

PECORA, J.   An interesting question, seemingly of first impression, has arisen upon the trial of this action before me, respecting the admissibility in evidence of a certain deposition or of the substance thereof.

This action was originally brought by Hugo Boschi, now deceased, to recover damages for admittedly severe personal injuries claimed to have been sustained by him in an accident alleged to have occurred on the early morning of June 26, 1944, while he was a passenger on a train of the Lexington Avenue subway line operated by the defendant.

Pursuant to section 394a–1.0 of the Administrative Code of the City of New York, a notice of claim and of intention to sue thereon was served upon the defendant on September 22, 1944. Thereafter, the City Comptroller, availing himself of the right given to him by section 93d–1.0 of the Administrative Code, required the claimant to be examined under oath " as to any facts relevant to his claim ".   Boschi submitted to such examination at the hands of the Corporation Counsel.   His testimony thus given was eventually transcribed, and he signed it and again swore to its truth.

The comptroller failed or refused to adjust or pay the claim, with the result that Boschi instituted an action thereon, in December, 1944.   While the action was awaiting trial Boschi died in August, 1945.   His two sisters were thereafter appointed administratrices of his estate.   They continued the action in their representative capacity, for the benefit of the next of kin,

under the provisions of section 119 of the Decedent Estate Law. The cause is now before me for trial.

The circumstances under which the accident in question occurred, according to the version testified to by Boschi in his aforesaid examination, were such as to preclude the presence of any eyewitnesses thereto. As a consequence, the plaintiffs find themselves in the position of being unable to prove a prima facie case unless Boschi's deposition be received in evidence in their behalf. The defendant objects to its admission, on the general ground that it would be violative of the hearsay rule and that it does not fall within any of the exceptions to that rule.

Plaintiffs' counsel urges that the deposition may be admitted under section 303 of the Civil Practice Act. With that contention I cannot agree. That section, which forms part of article 29, relates solely to depositions taken pursuant to the provisions of that article. The deposition here involved was not so taken, but was taken — as already noted — under the provisions of the Administrative Code.

Counsel for plaintiffs further maintain that the deposition is admissible under section 374-a of the Civil Practice Act as a written record made by defendant in the regular course of business. In my opinion the deposition is not the kind of record or memorandum which is contemplated by that section, and hence cannot be received in evidence thereunder.

Nor is it admissible under section 348 of the Civil Practice Act, which relates to testimony given at a former trial or hearing by a party or witness who " has died or become insane or, being a non-resident of this state has departed from the state or, being a resident of the state has departed therefrom by reason of military or naval service under the state or United States * * *." It is true that Boschi has died since the taking of his deposition. But the deposition cannot be said to be testimony " taken * * * at the former trial or hearing ". Indeed, at the time the deposition was made, Boschi's action had not even been instituted.

It is manifest, therefore, that the grounds upon which plaintiffs argue for the admissibility of the deposition are untenable. Is it admissible upon some other basis? I think that it is.

Prior to the enactment of the statutory rule now embodied in section 348, it was permitted under the common law to receive in evidence the testimony given at a former trial or hearing by a witness since deceased.

This rule was stated and discussed in the early case of *Jackson* v. *Bailey* (2 Johns. 17). It was applied in *Cox* v. *Trustees of*

*Pearce* (7 Johns. 298) to a deposition taken before trustees appointed under an act for relief against absconding and absent debtors. As Professor Wigmore observes (5 Wigmore on Evidence, § 1401, subd. [a]): "There is on principle no distinction between a *deposition* and *former testimony* as to the conditions upon which either may be used at the trial."

This rule was one of the recognized exceptions to the hearsay rule. It was founded upon the elements (a) of necessity, created by the death of the witness; (b) that it was given under oath, and (c) that the adverse party had been afforded the right of cross-examination.

It seems to me that the substance of all of these elements is present in the situation at bar. The deposition was made under oath by one competent to testify. Though it was not made upon a former trial or hearing, it was given at the instance of the defendant under the authority of a statute (the Administrative Code), which made it incumbent upon Boschi to submit to examination under oath upon the demand of the comptroller, as a condition precedent to the institution of this action against the city. All of the testimony given by Boschi in that examination was in response solely to questions asked by the Corporation Counsel. In such an examination, the probing of the claimant may be indulged in certainly to the extent permitted upon the cross-examination of an adverse witness or party. And finally the death of Boschi supplies the requisite of necessity for the present use of the deposition.

These circumstances, in my opinion, amply warrant the admission of the deposition in evidence. It will be received, however, by reading into the record such of the questions and answers as counsel on either side may desire to incorporate here, reserving to each side the right to offer appropriate objections to any such questions and answers as they may be advised to make.