METROPOLITAN ST. RY. CO. v. GUMBY.

(Circuit Court of Appeals, Second Circuit. January 5, 1900.)

No. 38.

TESTIMONY OF DECEASED WITNESS IN ANOTHER ACTION.

Testimony in an action by an infant claiming damages for his pain and suffering from an injury is not admissible (the witness having died in the meantime) in a subsequent action against the same defendant by the infant's mother, claiming damages for loss of his services; there being no privity between the plaintiffs.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error to review a judgment of the circuit court, Southern district of New York, in favor of Anne Gumby, defendant in error, who was plaintiff below. The judgment was based upon a

verdict against defendant below awarding damages for loss of services of plaintiff's son, George Gumby, a child 5 years of age at the time of the accident, who was injured by one of defendant's cars May 22, 1897. The facts sufficiently appear in the opinion.

Charles P. Brown, for plaintiff in error.

M. P. O'Connor, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. All assignments of error, save one, were abandoned by plaintiff in error upon the argument, and that one only need be discussed. One of the eyewitnesses of the accident was Macon Lyons. He was dead at the time of the trial of the cause at bar, but had testified with great fullness to what he saw of the accident, upon the trial of an action brought by Elizabeth Clayton, grandmother of George Gumby, as guardian ad litem, against the same defendant, to recover for pain and suffering, and for any permanent loss of ability to work, caused by the accident. After introducing some testimony which is not especially persuasive, plaintiff's counsel offered to read the testimony of Lyons taken in the son's action. It would appear from the record that the attention of the trial judge was not at the time called to the circumstance that the guardian ad litem who prosecuted the former action was not the infant's mother (the present plaintiff), but his grandmother. Defendant objected that he knew of no rule of law that made it competent testimony. The objection was overruled, and the testimony read, defendant reserving an exception. The objection is not formulated in specific terms, to the effect that what was offered was hearsay, and not within any of the exceptions which are recognized to the rule that hearsay is incompetent. Nevertheless, since the objection urged here is of such sort that nothing could have been done by the party offering the evidence to overcome such objection, we may with entire propriety dispose of the question raised here.

The statutes of New York (section 830, Code Civ. Proc.) provide that:

"Where a party or a witness has died or become insane since the trial of an action * * * the testimony of the deceased or insane person * * * taken or read in evidence at the former trial * * * may be given or read in evidence at a new trial * * * subject to any other legal objections to the competency of the witness, or to any legal objection to testimony or any question put to him."

It is manifest that this does not touch the point at issue. It provides only for new trials of the same action in which the deceased witness testified. We find no other section of the Code authorizing the admission of such testimony, and the question raised here will have to be disposed of under the principles of the common law.

The entire reliance of the plaintiff seems to be upon a paragraph in the sixteenth edition of Greenleaf on Evidence, enlarged and annotated by Prof. Wigmore, published in 1899. The paragraph (which is the annotator's) is section 163a, and reads as follows:

"As to the parties, all that is essential is that the present opponent should have had a fair opportunity of cross-examination. Consequently a change of parties which does not effect such a loss does not prevent the use of the testimony,—as, for example, a change by which one of the opponents is omitted, or by which a merely nominal party is added. And the principle also admits the testimony where the parties, though not the same, are so privy in interest —as where one was an executor, or perhaps a grantor—that the same motive and need for cross-examination existed."

A very large number of cases are cited by the annotator, all of which have been examined by the court. If the propositions above quoted are read with the qualifications which are indicated by the illustrative examples given in the paragraph, they are sound, and abundantly supported by authority. If they are to be read, however, as plaintiff reads them, namely, as asserting that evidence of a deceased witness may be read in any subsequent suit when it appears that the same issue is involved, that the witness testified under the sanction of an oath, that he was confronted with the person against whom the testimony is offered, and that the latter had the opportunity of cross-examination, then it is not supported by the authorities to which our attention has been called, or which we have been able to discover. Stated thus baldly, the proposition imports that when, for example, the derailment of a train because of a misplaced switch has caused injury to a score of passengers, and a witness has testified to the circumstances of the accident in an action brought by A. to recover for his injuries, and has since died, the evidence of such witness may be read by any other injured passenger upon the subsequent trial of his action for damages. No case has been found which lends the slightest support to any such proposition. In all of them it is postulated that the parties must be substantially the same, or, if they are not, that the newcomer must be a privy with the former party in blood, in estate, or in law. There seems to have been some relaxation of the rule in criminal causes. Thus, in Charlesworth v. Tinker, 18 Wis. 633, the deceased witness had testified on a prosecution of defendant for assault, and the testimony was read upon the trial of a civil action against the same defendant for the same assault. The court places its decision on the ground that under the statutes of Wisconsin the complainant in a criminal prosecution for an assault and battery has control of the prosecution, and may examine all witnesses sworn at the trial. In Reg. v. Beeston, 29 Eng. Law & Eq. 529, the deposition of a wounded person, taken before the magistrate in presence of the prisoner (charged with assault with intent, etc.), and where the prisoner has the opportunity of cross-examination, was held admissible on the trial of an indictment for murder, the assaulted person having died. Here the real question is as to identity of the issue. The parties were the same,—the queen and the prisoner. See, also, Summons v. State, 5 Ohio St. 343. A case which seems to lend some support to plaintiff's contention is Kreuger v. Sylvester, 100 Iowa, 647, 69 N. W. 1059, where, upon the trial of a civil action for assault, the evidence of a deceased witness given on the trial of an indictment for the assault was held admissible. The opinion is very brief. There

is no discussion of the subject, and the only citations given are Greenl. Ev. § 164, which sustains no such proposition, and Charlesworth v. Tinker, supra. The decision is so opposed to the almost universal body of authority as to be entirely unpersuasive. A few citations from reported opinions in civil causes will indicate the firmness with which the rule is adhered to that the parties must be substantially the same, or privies, in blood, in law, or in estate. The testimony is either held to be competent because such privity is found to exist, or is held incompetent because no privity is established.

In McDonald v. Cutter (Cal.) 52 Pac. 120, Melone brought an action against Meyers to foreclose a lien on certain bonds. McDonald, who had bought the bonds at a sale by Meyer's assignee in insolvency, was substituted as defendant. Robinson, to whom Meyers had transferred the bonds before petition in insolvency was filed, and who claimed to own them, paid plaintiff's claim, and secured a dismissal of that action. Held, that Robinson was not subrogated to plaintiff's (Melone's) rights, so as to render a deposition of deceased witness taken in Melone's suit admissible in a subsequent action between McDonald and Robinson's executor.

In Railroad Co. v. Atkins, 2 Lea, 248, it is held that judgment in favor of defendant in a suit brought by husband and wife is ordinarily no bar to a suit brought by the husband alone, nor are depositions taken in the first suit admissible as evidence in the other. Wharton, in his work on Evidence (section 177), states the rule thus:

"Whenever a judgment in one cause would be evidence in the other cause, there evidence of the deceased witness may be reproduced, the witness having been open to cross-examination."

Several authorities support his proposition that the test to be applied is the same as that used when a prior adjudication is offered as evidence.

In Goodlett v. Kelly, 74 Ala. 220, the court, admitting the testimony, says:

"The subject of the controversy in the two suits is the same, involving the title to the same tract of realty; and the parties are the same, excepting only one, who claims title through privity with the plaintiffs in the former suit."

To the same effect is Wells v. Mortgage Co., 109 Ala. 430, 20 South. 136.

In Smith v. Keyser, 115 Ala. 455, 22 South. 149, the first suit was an action of ejectment brought by plaintiff in her individual capacity against a tenant in possession. The second suit was an action in ejectment brought by the same plaintiff, as executrix, against the same defendant and his landlord, for recovery of the same lands. Held competent:

"The matters in issue and the parties are essentially the same in both actions,—'parties,' as thus used, comprehending privies in blood, in law, or in estate."

Hulin v. Powell, 3 Car. & K. 323, was an action of ejectment against Powell. Vaughan Williams, J., says:

"I understand the facts to be that, a former ejectment having been commenced against Mr. Richards, he agreed with Mr. Powell to defend for Powell, the latter allowing him his expenses, so that Powell was substantially defendant in that action. The admissibility of depositions in cases of this kind does not depend upon technical grounds, and one question is, had the lessor of the plaintiff an opportunity of cross-examining the witness? He certainly had, and I see no fair reason for supposing that the cross-examination would have been to a different effect, whether the lessor of the plaintiff knew or did not know that Mr. Powell was the real defendant. The lessor of the plaintiff had to succeed by the goodness of his own title, and who was the defendant would be of little importance. * * * The matter may not be free from some doubt, but on the whole I am of opinion that the evidence is receivable."

In Llanover v. Homfray, 19 Ch. Div. 229, the former suit was a bill of peace brought in 1815 by some of the tenants in behalf of themselves and all others against the lord of the manor. Testimony was taken therein de bene esse, defendant joining. Jessel, M. R.:

"The question has been raised whether this testimony is admissible in the present suit. I must say I have no doubt whatever that it is. The suit of Moggridge v. Hall [13 Ch. Div. 380] was a suit by persons who were privies in estate with the present tenants. They were not, indeed, owners of the same estate, but, as the suit was on behalf of all the tenants, it included the then owners of the estate now belonging to the Messrs. Phillips; and on the other side there was a lord of the manor, who is now represented by the present lord of the manor. Therefore it was a suit between persons privy in estate to the parties in the present action. The issue in that suit was the same as that in the present action, and the evidence in one is therefore admissible in the other."

In Wright v. Cumpsty, 41 Pa. St. 102, the questions raised were the same as in a former suit, viz. whether or not a partnership existed between plaintiff and defendant, and to what extent, and whether the purchase of a steamboat was in the purchaser's own right or in trust. The court says:

"We think the identity of the subject-matter in dispute was the same in both actions, and so were the parties, excepting that, owing to the nature of the action (being replevin), a stranger to the contract which was involved in that controversy was included; but the parties here were parties plaintiff and defendant there, and we think the identity is sufficient, and brings the admission of the evidence within the ruling in Insurance Co. v. Johnson, 23 Pa. St. 72, and in Haupt v. Henninger, 37 Pa. St. 138."

In Orr v. Hadley, 36 N. H. 575, the court says:

"As a general rule, the parties must be the same, and the point in issue must be the same. It is not required, however, that the parties to the second suit should be literally the same as in the first; for if the trial is between those who represent the parties to the first by privity in law, in blood, or in estate, the evidence is admissible. In Wilbur v. Selden, 6 Cow. 162, the parties in the former suit were Wilbur & Doremas against Selden, Richards & Ogden; in the second they were Wilbur, survivor of Doremas, against Selden, impleaded with Richards, survivor of Ogden; and it was held that the parties were substantially the same. * * * But the testimony offered in this case was not admissible, according to any of the authorities which we have examined. The parties in the present suit are not the same as in the former, nor are they in privity with them, so as to be bound by what was said and done in that action. Peter E. Hadley, one of the present defendants, was plaintiff in that suit; but the other defendant, so far as the case shows, had no connection with that proceeding, either as party or privy. He had no opportunity to cross-examine the witness and his rights cannot be affected by the testimony in that cause. There are cases which hold that, where the number of the parties is reduced in the second suit, the identity of those which remain being retained, the testimony may be used. Wright v. Tatham, 1 Adol.

& E. 3; Wilbur v. Selden, supra. But we have found no case where the testimony has been admitted if new parties, who are not privies, are introduced in the second suit."

Strutt v. Bovingdon, 5 Esp. 56, was an action for diverting water from the plaintiff's mills. In 1784 "the present plaintiff had brought another action against the defendant Bovingdon, in which he had relied on the same rights." Testimony of a deceased witness on the former trial was held to be competent, even against the two new defendants, for the reason, as stated by Lord Ellenborough, that "the two defendants on this record justified under the defendant Bovingdon, who was seised of the land." See, also, Wright v. Tatham, 1 Adol. & E. 3, and Warren v. Nichols, 6 Metc. (Mass.) 261.

Boardman v. Reed, 6 Pet. 327, 8 L. Ed. 415, was an action of ejectment. Defendant's counsel offered to prove that on the trial of a former action of ejectment, brought by the present lessor of the plaintiffs against some of the defendants in the present action, to recover the land now in controversy, a witness on that trial, who had since died, swore to a certain corner tree. "As the testimony of the witness," says the court, "was not given between the same parties, his statement, if admissible, could only be received as hearsay.".

Testimony of a deceased witness was received in Yale v. Comstock, 112 Mass. 267, because "the parties in the later suit derived their titles, respectively, from Allen S. Yale and Marshall Brace [the parties to the earlier suit], and as to them are privies in estate."

In Jackson v. Lawson, 15 Johns. 539, A. devised a farm to his wife during widowhood, remainder to his children. B., claiming under a deed from A., brought ejectment against the widow and another, and recovered on oral proof of the contents of the deed, which was lost. The widow died, and C., a grantee of some of the devisees, brought ejectment against B. The testimony of a deceased witness on the former trial to the contents of the deed was admitted. The court, by Van Ness, J., says:

"Both the widow of Lawson and the lessor of the plaintiff thus claim under the same will; and I am inclined to think that there is such a privity of estate between them, and the verdict in that case was, for certain purposes, evidence, though not conclusive, in this. * * * The estate devised to the widow during her widowhood, and the remainder over, constitute but one estate carved out of the same inheritance, created and subsisting together,—the one in possession, the other in expectancy. * * * If the verdict in the former ejectment was admissible on the trial of this suit, by reason that the tenants for life and the remainder-men are privies in estate, it follows that the evidence given in the first suit by a deceased witness is also admissible. The rule is that such evidence is proper, not only when the point in issue is the same in a subsequent suit between the same parties, but also for or against persons standing in the relation of privies in blood, privies in estate, or privies in law."

In Jackson v. Crissey, 3 Wend. 253, the testimony was held incompetent. The court says, per Savage, C. J.:

"What a deceased witness has sworn at a former trial between the same parties in relation to the same issue is proper evidence. Under the term 'parties' are comprehended all persons standing in relation of privies in blood,

privies in estate, or privies in law. Same v. Lawson, 15 Johns. 544. But Barrett, in the suit against whom the testimony was given, was neither. He held, indeed, under the same title (that is, he derived title from Amos Miles through the deeds from his heirs to Zachariah Miles, and the conveyance from the latter to Zeno Carpenter), but his lot and the premises of the defendants are separate parcels of what was. once the same farm. Barrett and the defendant do not hold different estates in the same premises. Neither holds as remainder-man or reversioner to the other. There is therefore no privity of estate between them, and there is nothing in the case to show either privity in blood or privity in law."

A convenient definition of this privity which is thus made the essential element in the cases above cited is found in 19 Am. & Eng. Enc. Law, 156, as follows:

"The term 'privity' denotes mutual or successive relationships to the same rights of property, and privies are distributed into several classes, according to the manner of this relationship. Thus, there are privies in estate, as donor and donee, lessor and lessee, and joint tenants; privies in blood, as heir and ancestor, and co-parceners; privies in representation, as executor and testator, administrator and intestate; privies in law, where the law, without privity of blood or estate, casts the land upon another, as by escheat."

Manifestly, no such mutual or successive relationship exists between the infant, claiming damages for his pain and suffering, and his mother, claiming damages for the loss of his services. The causes of action are distinct, and neither claimant could under any circumstances succeed to the other's cause of action. There is a case in 53 Ind. 143 (Railroad Co. v. Stout), where this distinction seems to be overlooked. Peter Stout sued in his lifetime for damages to himself from some accident, which action abated by his death. Thereafter Stout, administrator, sued, under the statute, for injury causing death, and offered the testimony of a deceased witness who testified on the trial of Peter's case. Although the court seems to appreciate the circumstance that one action was based upon the common-law liability, and the other upon the statute, it nevertheless holds the evidence competent, since "our statute makes the administrator the representative of the deceased"; citing only Greenl. Ev. § 164, which extends the word "parties" only to comprehend privies in blood, in law, or in estate. The case is not well reasoned, and seems to be unsupported by authority. The general term, in the Fourth department, held the precise converse in Murphy v. Railroad Co., 31 Hun, 358, which was an administrator's action for injuries causing death, in these words:

"The deposition of the deceased taken in the action prosecuted by him in his lifetime was not competent evidence in the action. That action terminated with the death of the plaintiff therein, and all interlocutory proceedings went down with it, and are not saved by section 881 of the Code of Civil Procedure. While the plaintiff is the personal representative of the deceased, the action is prosecuted for the benefit of those who do not claim under him, but is an original cause of action, that did not exist in the lifetime of the deceased."

It should further be noted that testimony of a witness on a former trial cannot be admitted against one of the parties to a subsequent trial unless it could be admitted against the other. In Atkins v. Humphreys, 1 Moody & R. 523, plaintiff sued to set aside a conveyance as fraudulent and collusive. In a former suit one Stew-

art had sued the same defendants to set aside the same conveyance on the same grounds.   Tindal, C. J., loquitur:

"I cannot receive the evidence.  There is no reciprocity.  If the present defendants had offered depositions taken in the earlier suit, the plaintiffs would have been entitled to object."

Morgan v. Nicholl, L. R. 2 C. P. 117, was an action of ejectment. Morgan offered the testimony of a deceased witness on the trial of a former action in ejectment against Nicholl's father brought by Morgan's son, claiming as his heir at law, under the supposition that he was dead, to recover the same premises.  It was held that there was no privity of estate between Morgan and his son, and that the evidence, not being admissible against Morgan, was not admissible for him.   Willes, J., says:

"The contention of the plaintiff amounts to this: that the rule that evidence given in a former trial upon the same matter and between the same parties, or persons privy to them, is admissible, extends to all cases in which the parties to the two trials are related in blood.  The only relation between the plaintiffs in this and the former action is one of blood,—a close one, it is true. But I apprehend the law must be the same as if the plaintiffs had been cousins deriving their title from the same person,—a reductio ad absurdum.  By 'persons privy to the former parties' is really meant persons claiming under them. Could it be said that this evidence would have been admissible if the former action had turned on whether the then plaintiff was the oldest son, or whether he was legitimate?  It is contended that it is not necessary that the parties should be exactly the same, but here the two plaintiffs, for purposes of title, are entire strangers.  The cases are collected in Wright v. Tatham, supra, and that case shows that it is sufficient if the parties to the second cause were parties to the first, though there were other parties joined with them.  I agree, also, with the lord chief justice, that the same rule applies as in cases of res judicata and estoppel, viz. that the evidence cannot be admissible against one party and not against the other; and it is clear that, if this evidence had been tendered by the defendant, the plaintiff would have said that he was not present at the former trial, and did not claim under the former plaintiff."

This case is on all fours with the one at bar.  Anne Gumby could have successfully objected to the reading in evidence against her of the testimony of the witness who testified in the suit of Clayton, guardian ad litem of George Gumby against defendant, and therefore she cannot read the same testimony in evidence against defendant.   The judgment of the circuit court is reversed, and a new trial ordered.