## UNITED STATES v. ALUMINUM CO. OF AMERICA et al.

District Court, S. D. New York.
Nov. 28, 1938.

Walter L. Rice, Sp. Asst. to Atty. Gen. (John C. Herberg and F. Gwyn Harper, Jr., both of Washington, D. C., Norman A. Adler, of New York City, James S. Kemper, Jr., Ralph Anderson, Creighton R. Coleman, and Gareth M. Neville, all of Washington, D. C., of counsel), for the United States.

Hughes, Richards, Hubbard & Ewing, of New York City, and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (Charles E. Hughes, Jr., Leighton H. Surbeck and William T. Gossett, all of New York City, and William Watson Smith, Frank B. Ingersoll, and Leon E. Hickman, all of Pittsburgh, Pa., of counsel), for Aluminum Co. of America et al.

Milbank, Tweed & Hope, of New York City (Morris Hadley, Timothy N. Pfeiffer, and Edgar P. Baker, all of New York City, of counsel), for Aluminium, Limited, et al.

Baldwin, Todd & Young, of New York City (Roger Sherman Baldwin and Walter W. K. Bennett, both of New York City, and A. L. Nash, of Manitowoc, Wis., of counsel), for Aluminum Goods Mfg. Co.

Hughes, Richards, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, of counsel), for Aluminum Manufacturers, Inc.

CAFFEY, District Judge.

The inquiry of chief importance, as I feel, is as to the relationship of the parties to each other in the two cases. The party defendant in both was identical. The party complainant in the two was

not identical. If the testimony of the deceased witness in the first case, the Federal Trade Commission proceeding, be admissible in the suit in trial, it must rest, as I believe both parties concede, on the existence of a relationship of privity between the two parties complainant; that is to say, between the Federal Trade Commission and the United States. Such privity must be in blood, in law or in estate. Manifestly, there is no relationship in blood or estate. The question turns, therefore, on whether there existed the relationship of privity in law.

Professor Wigmore in his book on Evidence, volume 2, Second Edition, Section 1388, would sustain the admissibility. He argues quite strenuously for it. As I read controlling authorities, however, on principle he is flatly opposed by court decisions, which govern me, on two points. As I conceive the law laid down on one point by the Supreme Court of the United States and on the other point laid down by the Circuit Court of Appeals for the Second Circuit, viewed as a problem of the common law this testimony is inadmissible. I shall say nothing in this branch of the inquiry about the court rules or the statutes of the United States or of the State of New York.

■ It is to be remembered that in determining whether there is privity in law the question is whether the United States is in privity with the Federal Trade Commission; that the question is not whether the Federal Trade Commission is in privity with the United States. The question is whether the dominant one in the relationship was a party to the proceeding in which the deceased witness testified.

■ The United States was not a party to the Federal Trade Commission proceeding. Only the Federal Trade Commission was a complainant in that proceeding. In order that a party in the second case may be bound by something which happened in the first case, whether it be admissibility of testimony or otherwise, the party sought to be bound in the second case must have proceeded in the second case under or through the corresponding party to the relationship in the first case or on a right derived from such corresponding party. It is the dominant party which must be a party to the first case to lead to admissibility in the second case in favor of or against the subordinate party in the second case.

■ I repeat that this was held in principle by the Supreme Court of the United States. It was so decided 90 years ago in Stacy v. Thrasher use of Sellers, 6 How. 44, 12 L.Ed. 337. At pages 59 and 60 of 6 How., 12 L.Ed. 337, there is set out the definition of what constitutes privity. It would be going contrary to that definition if I should hold that the United States was in privity with the Federal Trade Commission. Of course, the United States here, as the Government in its brief recognizes and as is manifestly true, is dominus litis.

Just think of what would be the situation if a litigation conducted by a subordinate party should lead to binding the dominant party with respect to the admissibility of testimony. Just think what would result to the United States if litigation conducted by one of its numerous agencies could be held to bind the United States when the United States later itself instituted a litigation. From the practical standpoint, as it seems to me, no such proposition could possibly be upheld.

The definition of what constitutes privity, as laid down in Stacy v. Thrasher, has been maintained continuously in the decisions of the Supreme Court. There has been no modification whatever, so far as I can discover, for the past 90 years. When the question of privity has subsequently arisen in the Supreme Court of the United States, it has been and still seems to be the custom, not only to cite Stacy v. Thrasher use of Sellers, but frequently to quote the words used in that case at pages 59 and 60 of 6 How., 12 L.Ed. 337.

If I be correct on the principle of law stated, it seems to me that under no circumstances can the testimony of the deceased witness in the Federal Trade Commission proceeding be admitted in this case on any theory of privity.

There are two cases, one by the Supreme Court of the United States and one by the General Term of the Fourth Department of the State of New York—the General Term having been succeeded now by the Appellate Division—which tend to sustain the conclusion I have reached.

The case in the Supreme Court is Boardman v. Reed, 6 Pet. 328, at page 340, 8 L.Ed 415. Though there was little discussion in that case which would be helpful here, what the court held was consistent with the conclusion I have reached

and lends support to it. The issue there involved was the admissibility of testimony given at a former trial or proceeding by a witness who had since died. When the testimony was offered in the second trial it was excluded on the ground that it was hearsay. A case in this State tending to support the same conclusion is Murphy v. New York Central, etc., R. R. Co., 31 Hun 358.

The second ground which renders the testimony inadmissible, as I conceive, was established by the Circuit Court of Appeals for this Circuit in Metropolitan Street Railway Co. v. Gumby, 2 Cir., 99 F. 192, at pages 198 and 199. Judge Lacombe there took square issue with Professor Wigmore. I feel bound to follow what the Circuit Court of Appeals said, rather than what Professor Wigmore said.

As a part of the ratio decidendi in the Gumby case, it was squarely said that in order for testimony to be admissible in the second case when offered by one party, there must exist a reciprocal right in the other party to introduce it. In other words, if in the present case the Government may introduce the testimony of a witness in the Federal Trade Commission proceeding since deceased or otherwise rendered unavailable, or on any one of the other grounds for introduction at a second trial of testimony that was put in at the first trial, then also Alcoa must be entitled to introduce any of such testimony, on any of these grounds, that was admitted in the Federal Trade Commission proceeding. Manifestly, as I see it, Alcoa possesses no such right. Possessing no such right, it follows also that the Government does not possess the reciprocal right. Or, rather, I should put it, as it has been put in the cases, that unless the reciprocal right exists in favor of Alcoa, then there is no such right on the part of the Government.

The principle involved is well illustrated by an English case, which, in a footnote, Professor Wigmore wholly rejects as wrong. That is Morgan v. Nicholl, L.R. 2 C.P. 117. There a son, believing his father to be dead, brought an action. Later the father, who was not dead, then brought an action. In the father's suit it was sought to introduce testimony from the son's suit—the testimony of a witness who had died before the second suit. The court excluded the testimony, putting its action on the ground, among other things,

of the non-existence of a reciprocal right in the father.

The Morgan case also tends to illustrate what I have said with respect to the true definition of privity. There privity, if there had been any, would have existed for the purpose of satisfying the condition of admissibility only if the father had brought the first suit and then later his son or other successor in interest had been the complainant in the second suit.

As I conceive, the common law governs here.

Is there any court rule or statute of the United States or of the State of New York which modifies the common law on the point and renders the testimony admissible?

■ Subdivision (a) of Rule 43 of the Rules of Civil Procedure for district courts, 28 U.S.C.A. following section 723c, requires peremptorily that testimony in all trials shall be taken orally in open court except as otherwise provided in those rules. Nowhere else in the district court rules is there any provision having any bearing whatever upon the admissibility of the testimony of deceased or inaccessible witnesses, save what is there prescribed for taking depositions. Of course, the taking of depositions, upon any one of the several grounds contained in the rules, has no application here. If, therefore, Rule 43 be literally applied, it itself renders the testimony of the deceased witness inadmissible.

The language employed in the first sentence of subdivision (a) of Rule 43 is identical in words or in effect with Section 635 of Title 28 of the United States Code, 28 U.S.C.A. § 635. In interpreting the excepting provision of the statute, the Circuit Court of Appeals of this country are squarely in conflict. So far as I can discover, that conflict has never been resolved by the Supreme Court; nor has the Circuit Court of Appeals for the Second Circuit ever dealt with the interpretation of that excepting provision. If you care to look into the matter you will see the decisions of the various Circuit Courts of Appeals collected in Young v. Travelers' Insurance Co., 10 Cir., 68 F.2d 83.

It is not necessary in this case to take sides in that controversy. This is true for the reason that if I should treat identical language in the rule and the statute as having the same meaning and

should follow the class of decisions which hold that the literal interpretation of the statute is to be accepted, it would merely tend to sustain the ruling I have already made under the common law.

 The only State statute I have discovered having any bearing on the admissibility of testimony given by a deceased witness on a former trial, or in a former proceeding, is Section 348 of the Civil Practice Act of this State. Examination of that section, as I read it, does not support or even tend to support in any respect the admissibility of the testimony of the deceased witness here. I find no court rule in New York on the subject. Accordingly, the objection to Exhibit 255 for Identification is sustained.