Dye, J.
Lillian Haydock White, a childless widow, aged 78, died December 20, 1952, a resident of New York, leaving a purported last will and testament dated April 9, 1929 by which she attempted to dispose of her true estate and to exercise a power of appointment granted to her by the will of her father, John Haydock. A codicil thereto dated September 13, 1929, containing no dispositive provisions, was “ solely for the purpose of ratifying and confirming ’ ’ the April 9th instrument and ‘ ‘ revoking any other purported Will ’ ’ executed subsequently thereto. Following a trial by jury, both instruments were denied probate on the ground that the decedent was not of sound and disposing mind and memory and competent at the time of making. The Appellate Division has unanimously affirmed the Surrogate’s order and decree without opinion and has granted leave to appeal to this court, certifying that a question of law is involved which we ought to review. Simply stated, the question is whether the Surrogate erred in admitting into evidence, on the issue of testamentary capacity, certain testimony given at a prior lunacy proceeding by two witnesses now deceased. In so ruling, the Surrogate relied on section 348 of the Civil Practice Act which provides in substance that the testimony of a deceased witness given at a former trial or hearing may be received in evidence at a subsequent trial or hearing “ of the same subject-matter in the same or another *312 action or special proceeding* between the same parties to snch former trial”. Hughes v. Jones (116 N. Y. 67, 73), relied on by the appellants, is not authority to the contrary for it was expressly held that “ the proceeding’s in lunacy are presumptive [and thus admissible], but not conclusive evidence of a want of capacity ’ ’.
Before proceeding* to the statute, it should be noted by way of historical interest that Mrs. White was widowed on the death of her husband in 1927. She was then 53 years of age. Shortly thereafter she developed mental difficulty. She became erratic and distraught, indulging in abnormal behavior habits and conduct, including an excessive use of alcohol. Her condition became so bad that on several occasions between 1927 and 1929 she sought treatment as a voluntary patient in the Charles B. Towns Memorial Hospital, a licensed mental sanitarium in New York City. However, this was to no avail. She became progressively worse until she was no longer able to care for herself or her affairs, amounting in effect to a state of near-collapse necessitating institutional care, with the result that on September 24, 1929 she was admitted to Stamford Hall as a voluntary patient, where she remained until released by death 23 years later.
In November, 1929 her brother, John Haydock, Jr., commenced lunacy proceedings in the States of Connecticut — she being in Stamford Hall as a voluntary patient — and in New York, that being her residence and the situs of the property. In both proceedings, her sister, Aimee Haydock Gerber, and her two nephews, John and Walter Haydock, the sons of the petitioner, and the proponents herein, were named as respondents, none of whom opposed the prayer of the petition. At the hearing in the New York proceeding the petitioner, John Hay-dock, Jr., and Dr. Frank Wade Robertson, the head of Stamford Hall and previously consulting physician at Manhattan State Hospital, testified to an undisputed state of facts, repetition of which is unnecessary to this opinion, from which it conclusively appears that at the time and for a period of two years prior thereto, Mrs. White was suffering from lunacy attributable to serious mental disease, as alleged in the petition. Concededly, such proof was properly admissible at the time under the practice then existing. While the history of alcoholism might be used as a basis for commitment (Civ. Prac. Act, § 1356), the fact of the *313 matter is that the commitment was sought on the ground of serious mental disease and the sheriff’s jury so found. The correctness of the allegations and the verdict are fully demonstrated by the circumstance that, after commitment, the decedent never again used alcohol in any form, yet she never regained a mental capacity warranting her release. The sheriff’s jury’s verdict was rendered January 22, 1930, adjudging Mrs. White to be insane, was then entered in Supreme Court, New York County, and, until her death in December, 1952 or her incarceration in Stamford Hall, was not in any way disturbed. The lunacy proceeding in Connecticut terminated in a decree of insanity.
The competency and sufficiency of the testimony of John Haydock and Dr. Eobertson to sustain the prior decree of insanity is nowhere challenged. Since it related to and included the period when the alleged will and its codicil were purportedly made, no valid reason exists for denying the competency and probative effect at the subsequent trial on the issue of testamentary capacity. Section 348 specifically authorizes the use of such testimony when the subject matter and the parties are the same. It is a simple concept well grounded in the common law (Shaw v. New York El. R. R. Co., 187 N. Y. 186; Jackson ex dem. Bates v. Lawson, 15 Johns. 539, 544; for reasons ex necessitate Jackson ex dem. Potter & Calvin v. Bailey, 2 Johns. 17) and long embedded in our statutes (Code Civ. Pro., § 830, added by L. 1879, ch. 542, as amd. by L. 1893, ch. 595, and L. 1899, ch. 352).
True, the purpose underlying a lunacy proceeding is technically different from that underlying a probate proceeding, but such difference is not one of substance, since the resulting decree in either event depends on the fact of mental incompetency— in the one instance, a lack of capacity to manage one’s affairs — and, in the other, to make a valid last will and testament. When so considered, it cannot reasonably be said that the requirement of the statute of ‘ ‘ the same subject-matter ” has not been fulfilled.
The statute also contemplates the use of such prior testimony in subsequent controversies “ between the same parties to such former trial or hearing ”, which requirement the appellant contends has not been fulfilled in this instance because the interests of the parties are not the same; in other words, the parties-respondent in the lunacy proceeding were brought in *314 because of their relationship to the incompetent, while in this probate proceeding they are here because of their prospective interests in the decedent’s estate. There is a distinction without a difference. All parties to this probate proceeding were duly served with process as well as notice of the later confirmation proceedings. Nothing turns on the circumstance that they did not cross-examine the witnesses at the lunacy proceeding. Admissibility of such testimony does not depend on the actual act of cross-examination so long as it appears that the opportunity to cross-examine was available. A failure to exercise such right is deemed a waiver thereof (Bradley v. Mirick, 91 N. Y. 293; Richardson on Evidence, 7th ed., § 344). The case of Young v. Valentine (177 N. Y. 347) relied on by the appellant is not to the contrary. There it was held that no error was committed in rejection of a portion of a trial deposition sought to be introduced because it had been stricken from the record, thus affording no right or opportunity to explain it on cross-examination in relation thereto. In this state of the record, the appellant had full opportunity to avail himself of his right to cross-examine the witnesses but elected not to do so, probably because he was seeking the same result as the petitioner, namely, the establishment of Mrs. White’s mental incapacity. By such inaction, he must be deemed to have waived his right.
The separate and further objection to Dr. Robertson’s testimony on the ground of privilege was also properly overruled as being within the waiver provisions of section 354 of the Civil Practice Act (Dean v. Halliburton, 241 N. Y. 354; Matter of Coddington, 307 N. Y. 181).
The order appealed from should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.