Fannie K. **HERTZ**, Plaintiff

v.

Elizabeth N. **GRAHAM**, individually and doing business as Maine Chance Farm, Defendant.

United States District Court
S. D. New York.

Jan. 23, 1958.

See, also, 23 F.R.D. 17.

Simpson, Thacher & Bartlett, New York City, for plaintiff; Stephen P. Duggan, Jr., Cyrus R. Vance, Newell G. Alford, Jr., New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant; P. John Picinich, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff's motion for reargument is granted and my original decision insofar as it relates to the denial of plaintiff's motion for summary judgment is adhered to. My opinion of December 23, 1957 pointed out that Judge Dawson had quoted from the Restatement of the Law of Torts, Section 509, on the liability of a possessor of dangerous animals. In his charge, Judge Dawson stated: "Thus, one who keeps a domestic animal, such as a horse, which he has reason to know has vicious or dangerous propensities abnormal to its class, is subject to liability, *although he has exercised due care to prevent it from doing harm to somebody else.*" (Emphasis supplied.)

While it is true that Judge Dawson failed to instruct the jury that contributory negligence would be no bar to recovery on the claim based upon possession of a dangerous animal, I cannot say with certainty after a reading of the entire charge that the theory of submission to the jury was one of negligence alone, for if it were, then I could see no purpose to that portion of Judge Dawson's charge quoted above. He imputed liability to the keeper of a dangerous animal regardless of due care. It follows, therefore, that the actual basis for the verdict we shall never know since a special verdict was not ordered. Surely,

in the absence of certainty that there has been an adjudication of a cause of action or an issue in a prior suit, a judge in subsequent litigation should not in a summary proceeding make a definitive finding of res judicata or collateral estoppel and thus foreclose a litigant from his day in court.

Since no prejudice can result to either party by acceding to plaintiff's request for leave to serve a supplemental reply, I shall upon this re-hearing grant so much of plaintiff's motion which seeks an order to this effect. Settle order.