See also 158 F.Supp. 201.

**Fannie K. HERTZ, Plaintiff,**

**v.**

**Elizabeth N. GRAHAM, individually and doing business as Maine Chance Farm, Defendant.**

United States District Court
S. D. New York.

Nov. 25, 1958.

Motion to Reargue Denied Dec. 30, 1958.

Simpson, Thacher & Bartlett, New York City, for plaintiff. Cyrus Vance, Whitney North Seymour, Jr., New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant. John J. Macchia, J. Howard Carter, P. John Picinich, New York City, of counsel.

DAWSON, District Judge.

In the course of a pre-trial conference held pursuant to Rule 16 of the Rules of Civil Procedure, 28 U.S.C.A., the attorneys for the plaintiff requested a ruling that certain depositions taken in a prior action and certain testimony given in that action might be offered in evidence in the present action. This was a proper matter to come up in a pre-trial conference under the provisions of subdivision (6) of Rule 16, for the determination of this point might well determine whether further discovery proceedings should be instituted and whether the case is in fact ready in all respects for trial.

Plaintiff commenced this action for the loss of one of her thoroughbred race horses as a result of a collision with defendant's race horse on the training track at Belmont Park on October 17, 1954. Both horses were killed and the plaintiff's jockey, Wesley E. Brite, was severely injured. The defendant has also counterclaimed for the loss of her race horse.

The jockey brought a separate action for personal injuries against this same defendant arising out of the same occurrence. Brite v. Elizabeth N. Graham, individually and doing business as Maine Chance Farm, Civil Action No. 97–240. The complaints in both actions are identical, with the exception of the plaintiffs and the amount of damages claimed. The Brite action resulted in a verdict for the plaintiff and judgment was entered thereon.

The complaint alleges three causes of action:

1. That the collision and death of plaintiff's horse were the result of the defendant knowingly keeping a vicious and dangerous horse.

2. That defendant knew that her horse had dangerous and unruly tenden-

cies and failed to take the special precautions required to safeguard others from him, thereby breaching a duty owed to the plaintiff and causing the collision and death of plaintiff's horse.

3. That the negligent handling of defendant's horse caused the death of plaintiff's horse.

Depositions and testimony taken in the Brite action, which may be sought to be introduced at the trial of this action, consist of the following:

(1) Depositions of Peter G. Griffiths and George W. Cochrane taken on written interrogatories pursuant to Rule 26(a), Federal Rules of Civil Procedure;

(2) Deposition upon oral examination of Patrick J. O'Neil;

(3) Trial testimony of Evan Shipman.

Counsel for defendant served cross-interrogatories on Cochrane and Griffiths which were answered at the same time as were plaintiff's interrogatories. Similarly, defendant's counsel was present at the deposition of Mr. O'Neil and vigorously cross-examined him. Mr. Shipman was cross-examined at length by defendant's counsel at trial.

Cochrane and Griffiths, former employees of defendant, were interrogated with respect to the defendant's ownership and control of her horse; defendant's knowledge of its unruly character; and the performance of the horse on the track. Patrick J. O'Neil, also a former employee of defendant, was examined with respect to the character of defendant's horse, defendant's knowledge thereof, and the events which occurred at the training track on the day of the accident. Evan Shipman, a reporter, who died subsequent to the trial of the Brite action, testified with respect to certain admissions made to him by the defendant shortly after the accident.

■■ The purpose of using prior depositions and testimony is to save the time, effort and money of the litigants and to expedite trials, with a view to achieving substantial justice. Whether such prior depositions can now be offered into evidence rests within the sound discretion of the Court and the guiding principle which has been adopted by this Court (Rivera v. American Export Lines, D.C.S.D.N.Y.1952, 13 F.R.D. 27, 28) is the more liberal view advocated by the late Professor Wigmore:

"It ought, then, to be sufficient to inquire *whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has;* * * *." 5 Wigmore (3d Ed. 1940) § 1388, p. 95. (Emphasis in the original.)

The Rivera case involved an action by a seaman who had been injured while aboard a ship owned by American Export, which ship was in a collision with a ship owned by Hellenic Lines. The plaintiff seaman sued both American Export and Hellenic. At a pre-trial conference, the plaintiff indicated that he intended to offer certain depositions in evidence at the trial. These depositions had been taken by Hellenic in a prior action which Hellenic had brought against American Export. The plaintiff had not been a party to the action between American Export and Hellenic. Nevertheless, the court held the depositions admissible despite the fact that the plaintiffs in the two actions were not the same. In citing Wigmore, Judge Leibell indicated that the key question was whether the party against whom the deposition is offered had, at the time of taking the deposition, the same interest and motive in cross-examination as he would in the present case.

Judge Leibell's decision in the Rivera case, supra, was followed by Judge Noonan in Scotti v. National Airlines, Inc., D.C.S.D.N.Y.1952, 15 F.R.D. 502. The Scotti case was an action against National for injuries received in an airplane crash. Other injured passengers had previously brought actions against National and another defendant who was

not named in the Scotti case. Plaintiff Scotti moved pursuant to Rule 26(d) for an order directing that all depositions theretofore taken in the prior actions be usable and admissible in the current action to the same extent and with the same force and effect as if originally taken for purposes of the current action.

Judge Noonan granted the motion and alluded to the fact that the issues in the prior and present actions were the same. The defendant contended that (1) it would be physically impossible to separate or segregate the pertinent from the irrelevant since another defendant had been present in the prior case (in which depositions had been taken) and in view of the further fact that the names of other passengers were involved, and (2) reading the depositions taken in the prior case would serve to tell a jury that there had been other law suits arising out of the same incident.

Judge Noonan overruled these contentions, stating that he would grant the motion subject to plaintiff's being able to eliminate those portions of the prior depositions that were inapplicable and subject to plaintiff's being able to substitute correct names where proper and thus to limit the depositions to portions which would have been admissible had the depositions been taken for the benefit of the current plaintiff rather than the original plaintiffs in the other action.

Similarly in Insul-Wool Insulation Corp. v. Home Insulation, Inc., 10 Cir., 1949, 176 F.2d 502, the Court upheld the admission into evidence at a trial of the depositions taken in a former suit against the same party by a defendant who was not a party in the first action. The court stated at page 504:

"The admissibility of such evidence is in accord with Rule 26(d) Federal Rules of Civil Procedure, 28 U.S.C.A., providing that at the trial any part or all of the depositions, as far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the depositions or had due notice thereof. In our case the objecting party was a party to the former suit involving identical issues and was accorded full opportunity for cross-examination. Accepting this principle as the test of admissibility the trial court admitted the evidence, and we think rightly so."

The defendant here, in her opposition, relies on Metropolitan St. Ry. Co. v. Gumby, 2 Cir., 1900, 99 F. 192, which was followed in United States v. Aluminum Co. of America, D.C.S.D.N.Y.1938, 1 F.R.D. 48. In the Metropolitan case an eyewitness who had testified at a personal injury action on behalf of a five year old infant, died prior to the commencement of a second action by the infant's mother against the same railway. The Circuit Court of Appeals reversed the trial court's ruling of admissibility at the second trial "under the principles of the common law" namely that because the defendant could not have introduced the former trial testimony against the plaintiff, the plaintiff was estopped from reading the same testimony into evidence against the defendant. This principle was questioned in the very recent case of First National Bank in Greenwich v. National Airlines, D.C.S.D.N.Y.1958, 22 F.R.D. 46, 49, where the court pointed out that the Metropolitan decision in 1900, "predicated on an old English case, was not rendered in the context of the current liberal philosophy of the Federal Rules of Civil Procedure."

The defendant also relies heavily on the First National Bank in Greenwich case in which the court refused permission to use depositions at a second trial which were used at a prior trial. However, it is to be noted that the court cited with approval the Rivera case, supra, and the Scotti case, supra, and sharply distinguished its decision from these two last cited cases. In the First National Bank in Greenwich case, the defendants were National Airlines and Douglas Aircraft, whereas the depositions sought to be used

were from a prior action where only National Airlines was a defendant. Thus if depositions were usable in the subsequent action, there would be prejudice to a party, Douglas, against whom they would be offered, who never had an opportunity to cross-examine these witnesses. The court also stated, in effect, that it would not be practical to frame instructions to the jury advising them that the depositions were admissible only as to the defendant National. Therefore, on these distinguishable facts, the court refused permission to use the depositions which were used at a prior trial against National.

■ Therefore it would seem that the prevailing federal rule in this court is the one suggested by Wigmore, supra. Where depositions and testimony from a prior trial are sought to be used at a subsequent trial and the issues are substantially the same, and the interest of the objecting party in the prior action was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end.

■ In the instant case, the plaintiff's cause of action arises from precisely the same accident and occurrences as the Brite case. The plaintiff alleges the same acts and omissions by the defendant, as were alleged in the prior Brite case. The defenses too are essentially the same. Therefore, it would seem that there is a substantial identity of issues. Since the defendant Graham in the Brite action had the same interest and motive in cross-examining the witnesses, as the defendant Graham now has in this action, the prior depositions and testimony can be offered into evidence provided the plaintiff can show all the usual necessary requirements of Rule 26(d).

■ The defendant also contends that the issues here are not the same as in the prior action and bases this on Judge Irving R. Kaufman's recent denial, in this case, of a motion for summary judgment made by plaintiff against defendant on the latter's counterclaim for loss of her thoroughbred race horse. Judge Kaufman held, in an opinion dated December 23, 1957, that plaintiff was not entitled to summary judgment on the basis of *res judicata* or collateral estoppel, stating at page 7 of his opinion [158 F.Supp. 203]:

"It follows therefore that I cannot find, with any degree of certainty, as I must in order to sustain plaintiff's motion for summary judgment on the counterclaim that the issues presented here were identical to those adjudicated by the Brite verdict."

It should be clearly noted that the "issues" Judge Kaufman refers to are the issues involved in the counterclaim and not those in the plaintiff's action against the defendant. In a subsequent opinion rendered by Judge Kaufman on January 23, 1958, D.C., 168 F.Supp. 755, after a motion for reargument on this same matter, it is pointed out that summary judgment for dismissal of the counterclaim is denied because in the Brite action the jury could have brought back its verdict for the plaintiff either on the theory of negligence or on the theory of the liability of the keeper of a dangerous animal regardless of due care. Since there was no special verdict in the Brite case it was not possible to state which theory, if not both, was the basis for the jury's verdict. If the latter were the basis for a jury verdict then it would not be a bar to the counterclaim, and as Judge Kaufman points out:

"Surely, in the absence of certainty that there has been an adjudication of a cause of action or an issue in a prior suit, a judge in a subsequent litigation should not in a summary proceeding make a definitive finding of res judicata or collateral estoppel and thus foreclose a litigant from his day in court."

Here there is no question of foreclosing a litigant from his day in court. Since the depositions and testimony at the prior Brite action are relevant and material

and since the issues in the plaintiff's cause of action against the defendant are substantially the same, and since the defendant had an adequate opportunity to and did cross-examine the witnesses in the Brite action with the same motive and interest, the depositions and testimony are admissible in this action.

■ The defendant here also claims that in the Brite action she was represented by a different attorney and therefore the present attorney never had an opportunity to cross-examine the witnesses. However, the test is not whether the attorney had the oportunity to cross-examine the witnesses, but whether the party-opponent had the opportunity and the same interest and motive in his cross-examination. On the other hand, it should also be noted that the defendant is not precluded from seeking further depositions of or submitting interrogatories to these witnesses, where this is possible, in order to correct, amplify or clarify the prior testimony if the defendant so wishes. This procedure, while admitting prior depositions, was followed by Judge Palmieri in an order signed December 31, 1956 in Borup v. National Airlines, Inc. (Civil No. 82–292).

■ In addition, in order to prevent any undue prejudice in this case which could result from the reading of depositions in the prior Brite action, which involved severe personal injuries to the jockey, the procedure followed in the Scotti case, supra, by Judge Noonan, could be followed; that is, the plaintiff would be able to read the prior depositions and testimony provided that any portions that are inapplicable and unduly prejudicial to the rights of the defendant would be eliminated.

## Conclusions

The plaintiff should be allowed to read the depositions taken in Brite v. Graham and the trial testimony of Evan Shipman in this action against the defendant Graham, since the defendant Graham did cross-examine these witnesses with the same motive and interest on the same issues, provided, however, that plaintiff meets the same requirements necessary for the reading of any deposition (Rule 26(d)(3) of the Rules of Civil Procedure) and provided that any portions of the testimony which may refer to the personal injuries of the jockey in the Brite action are deleted. Furthermore, if the defendant wishes, she may proceed to take further depositions wherever necessary, to amplify, clarify or correct any prior depositions.

It is so ordered.

## On Motion to Reargue

DAWSON, District Judge.

This motion is made pursuant to Rule 9(h) of the Rules of the United States District Court for the Southern District of New York for leave to reargue a motion which was decided by this Court on November 26, 1958. The facts are as stated in that opinion. At that time it was decided that (1) certain depositions taken in a prior action, and (2) testimony given in that same action, between a different plaintiff and this defendant, could be offered in evidence in the present action by the present plaintiff.

Defendant no longer contests the ruling concerning the admissibility of the prior depositions. However, defendant contends that the rule governing the admissibility of prior trial testimony is distinguishable from the rule applying to prior depositions and that, therefore, the prior trial testimony should not be admitted into evidence in this trial.

According to the defendant, Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., makes the rule of the state in which the court is sitting, which purportedly excludes prior testimony, controlling in this court. However, this is not necessarily the situation. Rule 43(a) is as follows:

"(a) Form and Admissibility. In all trials the testimony of witnesses shall be taken orally in open court,

unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

Thus, the rule provides that all evidence comes in if (1) admissible under the United States statutes, or (2) under theretofore existing rules of United States equity courts, or (3) state law, whichever favors the reception of the evidence. In interpreting Rule 43(a) it has been pointed out that this is a rule of admissibility and not a rule of exclusion, and that the evidence comes in under whichever one of the tests of admissibility is most favorable. Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 170 A.L.R. 1237. In commenting on the effect of this rule, Professor Moore has stated:

"\* \* \* The fact that a state court might exclude particular evidence is not determinative of its admissibility in a federal court if there is some basis on which it can be admitted. The court has great latitude in determining admissibility. In so determining it has the duty of inquiring whether either the federal rule or the rule prevailing in the state where the case is tried favors the admission of the evidence. If there is any doubt as to the admissibility of evidence it should be admitted." 5 Moore, § 43.04, p. 1319.

Therefore the interpretation of this rule leads to the conclusion that if there is basis for admitting the evidence under the liberal philosophy of the Federal Rules of Civil Procedure it should be admitted.

Furthermore, the only case cited by the defendant to show that the New York State rule is one of exclusion under these circumstances is In Re White's Will, 1957, 2 N.Y.2d 309, 160 N.Y.S.2d 841. However, that case is not authority for this contention. There the validity of a will was questioned on the basis that the testator lacked testamentary capacity. At the trial, testimony which was given at a prior lunacy proceeding by two witnesses now deceased, was sought to be introduced. The main question there was concerned with whether the issue in the lunacy proceeding was different from the issue in the probate proceeding, since the two proceedings are technically different. In addition, it was claimed that although the parties were the same in both actions they were present in different capacities. The court ruled that the prior testimony was admissible holding that, in substance, the issues were the same and that since the parties had the opportunity to cross-examine at the preceding trial there was no basis for excluding the prior testimony. In view of this holding it cannot be said that the court's view there is inconsistent with the stand taken on this motion. The precise question which we face, that of the difference in plaintiffs, was not there litigated.

Wright v. Wilson, supra, also cited by defendant in support of her contention, is clearly distinguishable on the facts. In that case the action was for personal injuries resulting from an automobile collision. One of the parties died. A state statute clearly disqualified the surviving party from testifying against decedent's representative. 28 P.S.Pa. §§ 322, 325. The court refused to allow the surviving party to testify because there never was a federal rule admitting such testimony

and because the state rule clearly made it inadmissible. In the instant case no such clear case of a state rule of exclusion has been cited.

United States v. Aluminum Company of America, D.C.S.D.N.Y.1938, 1 F.R.D. 48 is also cited by the defendant in support of her contention that where the parties are not the same prior testimony may not be admitted in a subsequent trial. However, the opinion there does not state facts sufficiently detailed to reveal the substance and the nature of the prior and subsequent trials. It is not possible to determine whether the issues were the same. Thus we have no clear basis for the ruling there, although it does state that it relies on Metropolitan Street Ry. Co. v. Gumby, 2 Cir., 1900, 99 F. 192.

It is true that in 1900 the Metropolitan case held that prior testimony was inadmissible in a subsequent trial if the parties were different. However, that principle was questioned in the very recent case of First National Bank in Greenwich v. National Airlines, D.C.S.D.N.Y.1958, 22 F.R.D. 46, 49 where it was stated that the Metropolitan decision, "predicated on an old English case, was not rendered in the context of the current liberal philosophy of the Federal Rules of Civil Procedure."

▮ The liberal view advocated by Professor Wigmore, 5 Wigmore, § 1388, and followed in Rivera v. American Export Lines, D.C.S.D.N.Y., 1952, 13 F.R.D. 27 is that the test is whether the former testimony was given under such circumstances that the party opponent had the same interest and motive in his cross-examination that the present opponent

has. Clearly this test cannot logically be restricted to apply to depositions alone. Trial testimony, subject to all the safeguards of the courtroom, and conducted with all the formal procedures, if anything, is an even more reliable means of getting at the truth.[1]

The defendant has had full opportunity to cross-examine the deceased witness at the prior trial on substantially the same issues. There is no substantial prejudice to the defendant merely because further questions cannot now be asked of this witness.

The motion to reargue is denied for the reasons stated.

---

[1] "(a) There is on principle no distinction between a *deposition* and *former testimony* as to the conditions upon which either may be used at the trial.

"So far as the circumstances make it impossible to obtain the witness' personal presence for testifying, by reason of his death, illness, absence from the jurisdiction, and the like, that impossibility exists in precisely the same degree for a deposition and for former testimony to a jury—supposing, of course, that in each case there has been cross-examination. There is on principle not the slightest ground for failing to recognize all the dispensing circumstances as equally sufficient for both kinds of testimony." 5 Wigmore on Evidence, § 1401(a).