Lawrence E. CALDWELL

v.

Jimmy R. STAPLETON and
Henry L. Robinson.

Regina CALDWELL

v.

Jimmy R. STAPLETON and
Henry L. Robinson.

Rober W. WALLACE

v.

Henry L. ROBINSON.

Jimmy R. STAPLETON b/n/f and Mother,
Ruby Stapleton

v.

Henry L. ROBINSON.

Aaron GREENE

v.

Henry L. ROBINSON and
Jimmy R. Stapleton.

Court of Appeals of Tennessee,
Eastern Section.

March 13, 1973.

Certiorari Denied by Supreme Court
July 2, 1973.

Shelby W. Smoot, Kingsport, for appellants, Jimmy R. Stapleton and Roger W. Wallace.

Tom Rogan, Rogersville, for appellees, Lawrence E. Caldwell and Regina Caldwell.

Taylor, Inman & Tilson, Morristown, for appellee, Estate of Henry L. Robinson.

Lacy West, Kingsport, for appellee, Aaron Greene.

OPINION

COOPER, Presiding Judge.

These five suits, which were consolidated for trial, arose out of a three car collision that occurred on October 28, 1970, at a point on State Highway 113 between St. Clair, Tennessee, and Rogersville, Tennessee. Jimmy Stapleton, with Aaron Greene and Roger W. Wallace as passengers, was driving his automobile toward St. Clair. Henry L. Robinson was traveling in the opposite direction. The third car, driven by Lawrence Caldwell, was following the Robinson automobile. The automobiles driven by Stapleton and Robinson collided in negotiating a sharp curve in the highway. The Stapleton automobile continued on down the highway and struck the Caldwell automobile head-on.

Suits were filed by Lawrence E. Caldwell and his wife, Regina Caldwell, and by Aaron Greene against Robinson and Stapleton.

Roger Wallace, who is the brother of Jimmy Stapleton, sued Robinson only.

Jimmy Stapleton sued Robinson and Robinson counterclaimed against Stapleton.

On trial, Lawrence Caldwell was awarded a recovery of $4,650.35 against both Stapleton and Robinson. In Mrs. Caldwell's case, the jury returned a verdict in favor of the defendants.

Aaron Greene was awarded $10,000.00 in damages against both Stapleton and Robinson.

In the suit of Jimmy R. Stapleton against Robinson and in the counterclaim by Robinson against Stapleton, the jury found in favor of the defendant in each case.

Jimmy Stapleton appealed in each of the five cases, insisting the trial judge erred in admitting in evidence the discovery deposition of Henry L. Robinson.

Roger Wallace also appealed, assigning as error the admission in evidence of the Robinson deposition and insisting the jury verdict in his favor was inadequate.

The record shows the pre-trial deposition of Henry Robinson was taken by agreement between counsel for the Caldwells and counsel for Robinson. No notice of the taking of the deposition was given to Stapleton or Wallace or to their counsel. Neither were appellants or appellants' counsel present at the taking of the deposition.

Robinson died prior to the trial of the five cases. His widow, as administratrix of his estate, was substituted as a party. On motion, the trial court, over the objection of counsel for appellants, ordered the discovery deposition of Henry Robinson filed and expressly held the deposition could be read in evidence in all cases.

Subsequently, a motion was filed in behalf of Stapleton and Wallace to vacate the trial judge's order relative to the Robinson deposition. The motion was overruled on the day of trial and the material part of the Robinson deposition was read in evidence by counsel for the Caldwells.

Rule 26.04 of the Tennessee Rules of Civil Procedure sets forth the circumstances under which a pre-trial deposition can be used as evidence in a trial. Under this rule any part of a pre-trial deposition may be used for any purpose against any party *who was present or represented at the taking of the deposition or who had notice* (of the taking of the deposition)." (emphasis supplied) The rule also provides expressly that "substitution of parties does not affect the right to use deposition previously taken."

Appellee, though recognizing it is generally the rule that a deposition is not admis-

sible as to a party not having the opportunity to be represented at its taking, insists the Robinson deposition was taken under "adversarial circumstances," thus making the deposition admissible under the well-recognized exception to the general rule of non-admission voiced in Ikerd v. Lapworth, 7 Cir., 435 F.2d 197, as follows:

"Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule. Hertz v. Graham, (S.D.N.Y.1958) 23 F.R.D. 17; Fuller-form Continuous Pipe Corp. v. American Pipe & Constr. Co., (D.Ariz.1968) 44 F.R.D. 453–455–456. In such case the purpose of Rule 26(d) [identical with Tennessee Rule 26.04]—to ensure that the deposition is taken under adversarial circumstances—is substantially satisfied."

Assuming the validity of the exception, it is not applicable to the Robinson deposition. Counsel for the Caldwells did not have the same motive to cross-examine Robinson as did the appellants. The Caldwell suits were against both Stapleton and Robinson. Counsel for the Caldwells, through Robinson, sought to establish the proximate negligence of both Stapleton and Robinson. It follows as a matter of course that counsel for the Caldwells would be loathe to assume the role of devil's advocate to test statements of Robinson which tended to prove the claims of the Caldwells against Stapleton.

■ We are of the opinion and so hold that the trial court erred in admitting in evidence the deposition of Robinson as to the appellants who had no notice of the taking of the deposition and, consequently, no opportunity to cross-examine Robinson. Rule 26.04 of the Tennessee Rules of Procedure.

T.C.A. 27–117 prohibits this court from setting aside a judgment on the ground of improper admission of evidence, *unless,* in our opinion, "after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial."

The core of Robinson's testimony in the pre-trial deposition was that Stapleton's automobile was on the wrong side of the highway at the moment it made contact with the Robinson automobile. Two other witnesses, Luther Proffitt and Leonard Morris, passengers in the Robinson automobile, testified to the same effect. The result was that the Robinson testimony became cumulative in its effect and, as we view it, did not materially affect the results of the trial with respect to Stapleton.

■ Roger Wallace insists the admission of the Robinson deposition in evidence materially affected the amount of damages awarded him in his suit against Robinson.

In the accident Mr. Wallace sustained a comminuted fracture of the left arm and several deep lacerations about the head and face. Medical evidence indicates that Mr. Wallace will have no permanent disability, except for some scarring. The jury awarded damages equal to the total of Mr. Wallace's medical bills and his loss of wages. Counsel for Mr. Wallace argues from this that "it is obvious that the jury remoted the plaintiff's damages," and, that absent the Robinson deposition, there is no evidence in the record to justify a finding that Mr. Wallace was guilty of remote contributory negligence.

There is evidence in the record showing that prior to and at the time of the accident, it was drizzling rain and the highway was slick. Mr. Stapleton was driving at a speed of forty five to fifty miles per hour when he entered the curve where the accident occurred.

According to Mr. Stapleton, at the time of giving his deposition, when the Robinson automobile was about one hundred feet

away, he saw it was about two feet across the center line; that he moved his automobile to the right but made no effort to stop as he "figured" Robinson would get back on his side of the road. As heretofore noted, sans the Robinson deposition, there is evidence in the record that the Stapleton automobile was on the wrong side of the road at the moment of collision with the Robinson automobile.

Mr. Wallace, who was riding in the front seat of the Stapleton automobile, testified he never saw the Robinson automobile as he was looking off the road to his right to avoid lights of oncoming automobiles.

With the evidence in this state, we think it was for the jury to say whether Mr. Wallace was exercising ordinary care for his own safety and, if not, whether his negligence was proximate or remote.

As pointed out in Smith v. Steele, 44 Tenn.App. 238, 313 S.W.2d 495, at page 515:

". . . [I]n a case where the . . . facts of the case are such that the jury can apply the doctrine and principle recognized as proper by the courts of Tennessee, referred to as the 'Remote Contributory Negligence Rule', when properly submitted to it by the proper charge of the Trial Court, and no other reversible error appears in the record, the appellate court should not reverse alone because of an alleged inadequacy in the amount of the recovery fixed by the jury, either by determining that the verdict was a compromise or was the result of sympathy, passion, malice or caprice, mistake, misapprehension or oversight."

The assignments of error are overruled, and the judgments affirmed. Costs incident to the appeal are adjudged against Stapleton, and his surety, in the four cases in which he is the appellant, and against Wallace, and his surety, in the case in which he is the appellant.

PARROTT and SANDERS, JJ., concur.