**LOEWY DRUG COMPANY OF BALTIMORE CITY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9731.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 5, 1965.

Decided Feb. 3, 1966.

John S. McDaniel, Jr., Baltimore, Md. (Cable & McDaniel, and Lawrence A. Kaufman, Baltimore, Md., on brief), for appellant.

Thomas Silk, Jr., Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, and Thomas J. Kenney, U. S. Atty., and Robert W. Kernan, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Circuit Judge, and CHRISTIE, District Judge.

HAYNSWORTH, Chief Judge:

Loewy Drug Company instituted this suit in the United States District Court for the District of Maryland to recover alleged overpayments of income taxes for the years 1955 and 1956, which resulted solely from the disallowance as deductions of amounts paid by the taxpayer [1] to Lallah R. Pierpont as a death bene-

---

1. The payments were made in the years 1956 and 1957, but the taxpayer had a net operating loss in 1957 which was carried back to 1955.

fit[2] "in recognition of the services" rendered by her late husband, Mervin G. Pierpont, who was the majority shareholder and principal officer of the taxpayer for many years. The District Court held that Section 404 incorporated the pertinent provisions of Section 162,[3] and that the payments in question failed to meet the "ordinary and necessary" requirements of the latter section.[4] With this conclusion we must agree.

Taxpayer has conceded on appeal that the payments were not made pursuant to any obligation to pay additional compensation for the services rendered by Mr. Pierpont, that they were motivated

primarily, if not solely, by his widow's dire financial straits, pending her receipt of income from certain trusts, and that no corporate benefit was either contemplated or derived.[5]

In view of these concessions and the decision to liquidate the business so soon after these payments were authorized, we can perceive no error in the District Court's findings that the payments were not ordinary and necessary to the operation of the taxpayer's business, or in its conclusion that the deductions were properly disallowed.

Affirmed.

2. Title 26 U.S.C.A. § 404 provides in pertinent part:
"§ 404. Deduction for contributions of an employer to an employees' trust or annuity plan and compensation under a deferred-payment plan.
"(a) General rule.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income) but if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year.
"(1). Pension trusts. * * *
"(2). Employees' annuities. * * *
"(3). Stock bonus and profit-sharing trusts. * * *
"(4). Trust created or organized outside the United States. * * *
"(5). Other plans.—In the taxable year when paid, if the plan is not one included in paragraph (1), (2), or (3), if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid.
* * * * *
"(b) Method of contributions, etc., having the effect of a plan.—If there is

no plan but a method of employer contributions or compensation has the effect of a stock bonus, pension, profit-sharing, or annuity plan, or similar plan deferring the receipt of compensation, subsection (a) shall apply as if there were such a plan."

3. Title 26 U.S.C.A. § 162 provides:
"§ 162. Trade or business expenses.
"(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered."

4. We note in passing that in the case of Poyner v. Commissioner, 4 Cir., 301 F.2d 287, Mrs. Pierpont contended that the payments were gifts and hence excludable from her gross income under Title 26 U.S.C.A. § 102.

5. This final concession is especially important to our decision, for in the usual case, increase in the morale of remaining officers and employees may constitute a corporate benefit. The directors of Loewy Drug voted the payments to Mrs. Pierpont on March 22 and April 27, 1956. In the summer of that year serious consideration was given to the possibility of liquidation, and a sale of assets was approved by the directors on April 12, 1957. Corporate dissolution was formally completed on December 30, 1957. There could be, and was, no hope of an increase in morale of remaining officers with liquidation in the offing.