261 F.Supp. 367 (1966)
FOUKE FUR COMPANY, Plaintiff,
v.
Edwin O. BOOKWALTER, District Director of Internal Revenue, Defendant.
No. 65 C 218(1).
United States District Court E. D. Missouri, E. D.
December 2, 1966.
Henry C. Bryan, Jr., McDonald, Wright & Bryan, St. Louis, Mo., for plaintiff.
Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., Jerome Fink, Elliott Kajan, Attys., Dept. of Justice, Tax Div., Washington, D. C., for defendant.

MEMORANDUM OPINION
HARPER, Chief Judge.
This suit was instituted by the plaintiff for a refund of income taxes paid by the plaintiff as a result of a deficiency assessment made in 1963 for the year 1956. The suit was timely filed and jurisdiction of this Court exists under 28 U.S.C.A. § 1346(a) (1). The deficiency assessment results from the disallowance of a deduction claimed by the taxpayer for a payment of $25,000.00 which the taxpayer made to the widow of a deceased president and member of the company board of directors.
*368 The issue was submitted to the Court on oral testimony, including exhibits, portions of depositions, a stipulation of facts, and the court file in Mary L. Gibbins v. United States of America (62C 134(3)), a case previously disposed of in this court (Regan, J.).
At the trial a part of the depositions of Samuel J. Pingree and Charles L. Moll taken in this case were offered in evidence, and a part of three other depositions, being Samuel J. Pingree, Charles L. Moll and Thomas F. McDonald, taken May 24, 1963, in Gibbins v. United States (supra), were offered and conditionally received in evidence for the defendant, and now form a preliminary issue in this suit. The defendant during the trial asked the court to take judicial notice of the court's file in Gibbins v. United States (supra), a case disposed of in this district in 1963, of which this court can and does take judicial notice. Meredith v. Van Oosterhout, 8 Cir., 286 F.2d 216, 217.
The facts show that one G. Donald Gibbins died on December 28, 1955, while president of the plaintiff corporation, Fouke Fur Company. He had been vicepresident of the company from its organization in 1921 until June 27, 1951, when he was elected president. Mr. Gibbins owned one-third of the outstanding shares of Fouke Fur Company and was also a member of the board of directors from 1922 until his death in 1955.
Mr. Gibbins received the following compensation from the plaintiff from fiscal year 1951 through fiscal year 1955:

 Year ended 11/30/51 $40,065.42
 11/30/52 41,934.07
 11/30/53 43,187.67
 11/30/54 43,325.20
 11/30/55 46,412.36

In the fiscal year 1956 prior to his death, Mr. Gibbins earned and received salary payments of $3,320.40, his salary for December of 1955.
On January 9, 1956, a special meeting of the board of directors of the plaintiff corporation was held, and the board, among other things, adopted the following resolution:
"BE IT RESOLVED, that in consideration of the long and faithful service to the Company by G. Donald Gibbins there be paid to his widow, Mary L. Gibbins, the sum of $25,000.00, payable in one sum."
Pursuant to the above resolution, $25,000.00 was paid in a lump sum to Mary L. Gibbins by the plaintiff in its fiscal year ending November 30, 1956. Besides the payment of $25,000.00, Mrs. Gibbins also received $6,000.00 in group life insurance under the Fouke Fur Company group plan, and benefits payable under the company pension plan amounting to $21,445.57. Gibbins died before reaching the age of sixty-five, and since he had not set up his pension plan for joint and last survival, said pension plan benefits consisted solely of a return of Mr. Gibbins' contributions ($18,876.74) to the pension fund, together with interest thereon to the date of his death. Had Gibbins lived another four or five months, until he reached sixty-five, he, or his wife, if he died thereafter, would have received an annuity under the company pension plan which could have amounted to a considerable sum of money. As it was, Gibbins' estate collected only the amount of money that he put into the annuity and not the amounts the company had paid into the pension fund.
The payment to Mrs. Gibbins of $25,000.00 was not entered in the Company's annual audit report as of November 30, 1956 (Defendant's Exhibit A), as either officers' salaries or as employees' pensions paid under the general heading "Administrative and General Salaries," but was entered as Payment to widow of deceased officer under the general heading "Other Expenses". Similarly, the payment was not entered under the heading "Compensation of Officers" or under the heading "Amounts contributed under, (a) pension, annuity, stock bonus, or profit sharing" in the plaintiff's tax return for the fiscal year 1956 (Defendant's Exhibit B), but instead was entered *369 under "Other Deductions," "Payment to widow of deceased officer."
The plaintiff at the request of the Internal Revenue Service on January 26, 1960, executed a consent extending until June 20, 1961, the time for assessment of any income tax deficiency for the fiscal year ending November 30, 1956, and subsequently executed further consents extending the time for assessment of said income tax for said tax year to December 31, 1963. On January 27, 1960, Mary L. Gibbins executed a form of consent extending through June 30, 1961, the period of limitations upon the assessment of federal income tax for the year 1956. On March 10, 1961, the Internal Revenue Service made an additional assessment against Mary L. Gibbins for 1956 income tax, a part of which involved $20,000.00 of the payment of $25,000.00 to Mary L. Gibbins by the plaintiff.
On July 25, 1961, Mary L. Gibbins filed with the District Director of Internal Revenue a claim for a refund of $13,599.37, with interest, of 1956 income tax, and included in the claim for refund was the tax paid on the $20,000.00 of the $25,000.00 payment by the plaintiff, which was disallowed. On April 3, 1962, suit was brought by Mary L. Gibbins (62C 134(3)) for refund of the above amount for 1956.
No assessment was made by the District Director of Internal Revenue on the plaintiff's tax return for the fiscal year December 31, 1955, to November 30, 1956, until August 21, 1963, at which time the Internal Revenue Service made a deficiency assessment against the plaintiff of $13,365.92, based upon the disallowance of the $25,000.00 payment to Mary L. Gibbins as a business expense. The plaintiff paid this amount, plus an interest charge of $5,384.77, and thereafter, after seeking a refund which was disallowed, commenced this action.
The plaintiff was not assessed for additional taxes for the fiscal year 1956 for the disallowance of the $25,000.00 payment to Mrs. Gibbins until after the final disposition was made of Mary L. Gibbins' suit against the United States in the District Court (62C 134(3)). Mrs. Gibbins was represented by the same law firm that represents the plaintiff, and she contended in her suit for refund that the payment was a gift from the corporation and, therefore, non-taxable to her. On July 23, 1963, after depositions, hereinafter referred to, had been taken, the suit was settled before going to trial by payment of $13,674.33 to Mrs. Gibbins.
With respect to the preliminary evidentiary issue in this case, in the suit by Mrs. Gibbins against the United States (supra), three depositions were taken of Fouke Fur directors before the case was settled. This Court conditionally admitted parts of the three depositions (Pingree, Moll and McDonald) at the trial of this case, subject to the defendant's demonstrating their admissibility. The defendant has not demonstrated their admissibility. Messrs. McDonald and Pingree were directors at the time the depositions were taken and have continued to be directors until the present time. Mr. Moll was not a director at the time the depositions were taken nor has he served in that capacity since that time. He was a director at the time the above quoted resolution was passed. Mr. McDonald, in addition, was counsel for plaintiff and a member of the law firm that brought this suit and the Gibbins suit.
The plaintiff contends that the depositions taken in the Mary L. Gibbins case should be excluded from the present action because they are hearsay evidence and do not fall within the admissions or reported testimony exceptions to the hearsay rule.
The defendant, on the other hand, contends that with the inception of the Federal Rules of Civil Procedure, in particular Rules 26(d) and 43(b), there is a modern approach which would allow the introduction of the depositions in the present case. The defendant also cites the cases of Rivera v. American Export Lines, Inc., 13 F.R.D. 27 (S.D.N.Y.), and Hertz v. Graham, 23 F.R.D. 17 *370 (S.D.N.Y.) in support of its contention that the depositions which were taken at a prior action are admissible if it is merely shown that the issues were substantially the same and that the cross-examiner in the previous action had the same interest and motive in cross-examining as the presently objecting party would have. The defendant also cites Pursche v. Atlas Scraper & Engr. Co., 300 F.2d 467 (C.A.9) in support of its contention that the deposition of an adverse party may be used for any purpose even if the party is present.
Each of the cases cited by the defendant were decided in connection with Rule 26(d) of the Federal Rules of Civil Procedure and consequently have no value to the defendant if the defendant cannot show that it has complied with the provisions of Rule 26. (See Rivera v. American Export Lines, Inc., supra, 13 F.R.D. l. c. 29) The first paragraph of Rule 26(d) provides in part:
"USE OF DEPOSITIONS. At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, * * *."
A simple reading of Rule 26, therefore, unequivocally rules out the possibility of its application to the present case. Here the plaintiff was not a party to the suit brought by Mary L. Gibbins, received no notice of the taking of the depositions, and was not present or represented at the taking of the depositions. (See Copeland v. Petroleum Transit Co., 32 F.R.D. 445, 447 (D.C.S.C.), where the court noted that the attorneys did not even attempt to have the depositions admitted against a defendant who was not a party to the action when the depositions were taken.)
The defendant also contended that Rule 43(b) states that the officers and directors of a corporation are to be treated as parties along with the corporation. Even though this may be true, the defendant still must show that the depositions can be admitted under Rule 26 (d), which it has failed to do.
For the foregoing reasons the depositions of Messrs. Pingree, Moll and McDonald taken in the Mary L. Gibbins case are not admissible in the present case under the Federal Rules of Civil Procedure.
Without the benefit of the depositions of Messrs. Pingree, Moll and McDonald from the Mary L. Gibbins case, the Court now turns to the merits of the plaintiff's action. Was the $25,000.00 payment to Mary L. Gibbins a deductible business expense for the plaintiff? The Commissioner of Internal Revenue was of the opinion that it was not. His ruling has the support of a presumption of correctness, and the plaintiff has the burden of proving to this Court that he was wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.
Whether or not the payment under consideration is deductible by the plaintiff depends upon whether the payment satisfies the conditions of Section 162 of the Internal Revenue Code of 1954, as required by Section 404(a). Interstate Drop Forge Co. v. C.I.R., 326 F.2d 743, 747. Section 162 provides in part:
"§ 162. Trade or Business expenses

"(a) In general.There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including
"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;
"(2) traveling expenses * *
"(3) rentals * * *."
Section 404(a) provides, in part:
"§ 404. Deduction for contributions of an employer to an employees' trust or annuity plan and compensation under a deferred-payment plan.

"(a) General Rule.If contributions are paid by an employer to or *371 under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to the expenses for the production of income) but if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any one year:
"(1) Pension Trusts* * *
"(2) Employees' annuities* * *
"(3) Stock bonus or profit-sharing trusts* * *
"(4) * * *
"(5) Other plansIn the taxable year when paid if the plan is not one included in paragraph (1), (2), or (3), if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid."
Even though the payment under consideration was not made pursuant to any stock bonus, pension, profit-sharing or annuity plan, it is still deductible under section 404(a) (5) if it is reasonable in amount and it meets the requirements of section 162 (See section 1.404(a)-12 of the 1958 regulations.)
The payment under consideration was obviously reasonable in amount and ordinary in character. Therefore, the sole question is whether the payment was a necessary expense under section 162. The plaintiff must prove that the payment was necessary without the benefit of any interpretative regulations such as that under the 1939 code permitting deduction for a payment to a widow. Interstate Drop Forge Co. v. C.I.R., supra. What does "necessary" mean and how does the plaintiff prove that the payment was necessary? Vesuvius Crucible Co., 65, 144 P-H Memo TC, l. c. 65-821, contains helpful language:
"With a simplicity that is sometimes deceptive, the term necessary, has been defined merely as appropriate and helpful, Welch v. Helvering, supra. Beyond this, we have said that while necessary does not mean indispensible, taxpayers seeking the benefit of a deduction under section 162 must show affirmatively not only that there are business ends to be served, but also that there is an intention to serve those business ends, by means of the questioned expenditure. This the taxpayer may do by demonstrating clearly that the payment was intended to result in the inurement of a business benefit." (Citing Interstate Drop Forge Co. v. C.I.R., supra.)
The plaintiff contends that the evidence indicates that the payment was made in recognition of Gibbons' past services to the company and was intended as additional compensation for such services.
Despite the wording of the resolution, the payment was not made to compensate G. Donald Gibbins for past services to the company.
The payment was not treated on the company books as officers' salaries, nor was it treated in the company's tax return for the fiscal year 1955-1956 as compensation to officers (Defendant's Exhibits A and B). In both cases the payment was simply treated as a "payment to widow of deceased officer."
The plaintiff has attempted to draw an analogy between this payment and the one of $27,863.99 made to the widow of P. B. Fouke, president, following his death. There is absolutely no similarity between the two payments. In the case of P. B. Fouke, the widow was paid the remainder of Fouke's salary for the year in which he died. Here the payment was not a continuation of Gibbins' salary. The amount paid to Mrs. Gibbins bore no relationship to the amount Gibbins would have received for the remainder of the year in which he died.
*372 Plaintiff also states that the discussion at the meeting when the payment was voted indicates that the payment was made to compensate G. Donald Gibbins for his past services in view of the fact that he died before becoming entitled to an annuity.
This Court cannot agree with the plaintiff's interpretation of that discussion. The directors obviously did consider the past services of Gibbins to the company and also the fact that he died before reaching sixty-five, thereby not becoming entitled to an annuity. However, because of these factors the company did not decide to further compensate G. Donald Gibbins for his services; because of these factors they decided to make a gift to his widow. It is perfectly clear that the directors did not consider that G. Donald Gibbins had been inadequately compensated and that, therefore, they should pay his wife $25,000.00.
In the final analysis, the evidence shows that the payment was not a continuation of Gibbins' salary nor was it made to further compensate him for his services to the company, nor was the payment designed to reap an economic benefit to the company. Gibbins received full and adequate salary payments until his death. The payment was not measured by the amount of salary Gibbins would have received if he had lived. Furthermore, the payment bore no relationship to any previous widow payment made by the plaintiff.
There was no moral or legal obligation of any kind to make the payment; that is, there was no contract or understanding between G. Donald Gibbins and the plaintiff, and Gibbins never expected his beneficiaries to receive such a payment. There is also no showing that such a payment will ever again be made.
Even though the payment was certainly not made to further compensate Gibbins for past services to the company it may still be deductible if another business purpose motivated the company. Loewy Drug Company of Baltimore City v. United States, 232 F.Supp. 143, 148. (Aff'd 356 F.2d 928). There is no evidence that the payment was made for any other business purpose and the true character of the payment can best be shown from Charles Moll's deposition taken on January 7, 1966, in part, to-wit:
"Q It was not salary?
"A Not salary.
"Q Is it an accurate description that this payment of $25,000.00 was just a gift you decided you would give Mrs. Gibbins, you and the board of directors?
"A Wait a minute."
* * * * * *
"A Well, it was a payment; that is what it was.
"Q I am asking yes or no on this particular question, Mr. Moll. Is it correct that this payment was just a gift that you decided you would give Mrs. Gibbins?
"A Yes."
Further, the testimony of Thomas F. McDonald, who testified as a rebuttal witness, was to the effect that he had characterized it as a gift in his deposition in the Gibbins case (supra), but in this trial sought to explain his previous answer away.
The payment to Mrs. Gibbins was simply a gift. The company neither expected nor received any economic benefit therefrom. The plaintiff has failed to prove that the $25,000.00 payment to Mary L. Gibbins was a necessary expense entitling the plaintiff to a deduction under section 162.
This memorandum opinion and the stipulation of facts filed with the Court are adopted as the Findings of Facts, the memorandum opinion is adopted as the Conclusions of Law, and the clerk is directed to enter judgment in favor of the defendant.